1  John Edward Mitchell -H-38255
   m.c.s.p. c-12-109L

2  P.O. Box 409060

3  IONE, CA 95640

**FILED**

NOV 2 3 2020

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
        DEPUTY CLERK

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10                        FRESNO DIVISION

11                                    No. 1:20-CV-00857 JDP (PC)
                                      FIRST AMENDED 42 U.S.C. 31983
12  John Edward Mitchell               CIVIL RIGHTS COMPLAINT
           Plaintiff,

13        v. R.DIAZ, SEC. OF CORR.;
    H. BAEZA, C/O; C.M. GUTIERREZ Jr.;
14  JOHN DOE #1, C/O; J. HUEWE, C/O; A.PARRA
    C/O; J. VARGAS, C/O; J. VALENCIA-MENDOZA
15  C/O VANG, C/O; ____ Defendant.

16  mCDUFFY #AR-9722, INMATE.

17                    A. JURISDICTION

18        This is a civil Rights action authorized by 42 U.S.C. to redress

19  the deprivation, under color of state law, of rights secured by the U.S.
                                                                    * FN.1 v
20  Constitution. The Court has jurisdiction under 28 U.S.C. 1331(3),1343(a)(3),1367

21                    B. VENUE

22        The U.S. Dist. Crt. for the E. Dist. of Ca., Fresno Division is the

23  appropriate Venue Under 28 U.S.C. 1391(b)(2) because it is where the

24  events giving rise to these claims occured.(see also 31391(e)(1),

25                    C. PARTIES

26        Plaintiff, J.Mitchell is/was at all times mentioned herein a prisoner

of the state of Ca. in the custody of the C.D.C.R.. He is currently

CLERK, U.S.— incarcerated at Mule Creek State Prison in Ione, California.
EASTERN DISTRICT OF CALIFORNIA
BY _____ *FN.1 31391(e)(1)
      DEPUTY CLERK

**RECEIVED**

NOV 23 2020

1.

1    Defendant, H. Baeza is a Corrections officer(4/o) employed by the California

2    Department of Corrections (C.D.C.R.) at California State Prison (C.S.P.) Corcoran.

3    Defendant, C. Gutierrez is a Corrections officer employed by the

4    C.D.C.R. at C.S.P. Corcoran.

5    Defendant, J. Huewe is a Corrections officer (4/o) employed by the

6    California Department of Corrections (C.D.C.R.) at California State Prison, Corcoran.

7    Defendant, J. Vargas is a Corrections officer (4/o) employed by the

8    C.D.C.R. at C.S.P. Corcoran.

9    Defendant, J. Valencia-Mendoza is a Corrections officer employed

10    by the C.D.C.R. at C.S.P. Corcoran.

11    Defendant, A. Parra is a 4/o employed by the C.D.C.R. at CSP

12    Corcoran.

13    Defendant, John Doe [#1] is a 4/o employed by the C.D.C.R. at CSP

14    Corcoran.

15    Defendant, Mcduffy C.D.C.R. #AR-9722 is a inmate confined

16    in a California State Prison.

17    Defendant, VANG is a 4/o employed by the C.D.C.R. at Corcoran.

18    Defendant R. Diaz is the Sec. of Corr. responsible for Ca. Prisons.

19    Each defendant is sued individually and in his official

20    capacity. At all times mentioned in this complaint each defendant

21    acted under the Color of state law and or to violate plaintiffs U.S.

22    Constitutional Civil and state Rights.

23        EXHAUSTION OF ADMINISTRATIVE REMEDIES

24    Plaintiff used the prisoner grievance process available to him at

25    C.S.P.-Corcoran. See CSPC-3-16-06077; CSPC-3-15-05908; CSPC-3-15-0

26    7180; CSPC-3-15-05195. State tort claims Victims Comp. Gov't Claims

27    Board see # G-629045.

28

## PREVIOUS LAWSUITS

Plaintiff has filed the following Lawsuits previously:

Parties:   J. Mitchell   V.   Marshall, et al.,
Case number: 2:10-CV-07351          Result: closed

Parties:   J. Mitchell   V.   Marshall, et. al.,
Case number: 2:12-CV-02048    Result: closed

Parties:   J. Mitchell   V.   T. Norton
Case number: 1:12-CV-00331 GSA   Result: closed

Parties:   T. Mitchell   V.   J. Haviland 2009rio et. al.,
Case number: 2:09-CV-03012 RCJ Result: closed

Parties:   J. Mitchell   V.   S. Pina et. al.,
Case number: 1:11-CV-01205 JLT Result: closed

Parties:   J. Mitchell   V.   Beard et. al.,
Case number: 1:14-CV-00178    Result: closed

Parties:   J. Mitchell   V.   F. Sanchez et al.,
Case number: 1:15-CV-01512(DLB) Result: closed

Parties:   J. Mitchell   V.   D. Davey et. al.,
Case number: 1:16-CV-01148 DAD   Result: closed
          4th Cir # 17-16691
Parties: J. Mitchell V. J. Church, m.D. et al.,
Case number: 1:18-CV-01083 (JLT) Result: closed

1. On 6/14/15 Plaintiff Filed CDCR 602 # CSPC-3-15-03359 against CSP-Corcoran officer(s) Huewe, Vargas, Tenorio, Alfaro and M.S. Robicheaux for refuseing to give him his religious diet.

2. On 8/17/15 C/O's Huewe and Vargas entered Plaintiffs cell while he was out and removed 8 candy bars. After the cell search Plaintiff asked why they took his candy bars and requested a cell-search reciept and he was ignored. Plaintiff informed his mental health clinician Dr. Shivers of his fears.

3. On 8/24/15 Plaintiff was handcuffed by C/O Huewe and taken to CSP-Corcoran B-yard program office and put into a holding cage where LT. Thompson told him that a "note" was found stateing the Plaintiff was going to "stab officers". After being questioned the Plaintiff was released back to his cell to find it in disarray with legal documents and CDCR 602's scattered on the floor. After further survey he found that the only items missing were a Websters dictionary and matching thesaurus and no cell-search reciept was left by the C/O's Huewe and Vargas so the Plaintiff went down the stairs to their office and asked them "why did you take my dictionairies"? and C/O Huewe said "you like useing big words in your 602's, they are not on your property list; 602 it".

4. On 9/1/15 Plaintiff submitted Complaint # CSPC-3-15-05195 and in it he detailed all the events starting at 6/14/15 including that inmates in the housing unit were informing him that C/O's Vargas and Huewe were telling the black inmates that he was a "rat" (snitch). [*FN.1*] Upon information and belief inmates were 'thanked' and 'encouraged' to 'drop kites' alleging that plaintiff was oweing money for drugs and or planning to attack staff to disrupt his program and or get him removed from the yard.

5. On 9/13/15 upon information and belief, C/O Huewe and Vargas were actively seeking a inmate out to assault Plaintiff and despite the stress caused by the information he returned the Complaint # CSPC-3-15-05195

*FN.1 . . . and child molester.

4.

1  back to CSP-Corcoran appeals for review.

2  6.  On 9/14/15 "c/o" Huewe and Vargas attempted to rehouse Plaintiff

3  from 3b-05-249L to 3b-04-206L to be housed with inmate McDuffy #AR-

4  9723 who, upon information and belief, was going to assault the Plaintiff

5  as a "favor" to "c/o" Huewe and Vargas. The plaintiff refused the rehousing

6  'set-up' and was instead housed with inmate "Connors."

7  7.  On 9/15/15 inmate Connors said to the Plaintiff " they want me

8  to do something to you but I won't do their dirty work". The Plaintiff

9  informed his clinician Dr. Shivers who reported Plaintiffs desire

10  to be rehoused to Corcoran officers, who then informed "Connors" that

11  the plaintiff was 'snitching' on him, this created a more hostile living

12  enviroment.

13  8.  On 9/24/15 Plaintiff put all of his property in front of his cell

14  door seeking to be rehoused when c/o Baeza kicked his property back

15  into the cell and said "get back in there before I slap the shit out of

16  you, go ahead hit me, hit me"! while he flinched towards him. He stood

17  in the back of the cell. On 10/6/15 Plaintiff filed CDC 602 #CSPC3-15-5908.

18  9.  On 11/2/15 Plaintiff was temporarily transferred to CSP-SAC to

19  attend pre-trial matters in "Mitchell v. Haviland et. al., #2:09-cv-3012

20  KJN" regarding "excessive force" claims against C.D.C.R. officers. Under

21  "Mitchell v. Haviland" the Plaintiff sought a Temporary Restraining Order

22  and or Injunctive Relief that would stop CSP-Corcorans officers

23  from the "ongoing retaliation". The Plaintiff informed the Court that

24  he was "running out of time" based on the information and belief that

25  he would be attacked, The Plaintiff appealed the U.S. District Courts

26  denial of the motion to the 9th Circuit Court of Appeals wherein the

27  9th Circuit chose to not intervene. While housed at CSP-SAC the

28  Plaintiff informed his Mental Health Clinician "Winey" and the

5.

1  classification Committee that officers "Baeza" and "Gutierrez" were
2  constantly harassing and threatening him. The Plaintiff asked the I.C.C.
3  (committee) to not send him back due to "Safety Concerns" however only
4  a CDC 128 info. chrono was sent to CSP Corcoran, the Plaintiff Followed *FN.1 *
5  10.    On or about 11/9/15 Plaintiff was returned to CSP Corcoran B-yard
6  building four from CSP-SAC despite his "safety concerns" and re-housed in
7  bldg. 4 and as he walked up to the building C/O Gutierrez looked from its
8  tower with the "semi-Automatic" down to Plaintiff and said "Staff Complaint
9  Mitchell" while he shook his head side to side. The CDC 602/complaints
10  that were pending at this time period was CSPC-3-15-03359, CSPC-3-15-
11  05908, and CSPC-3-15-05195.

12  11.    On or about 12/1/15 Plaintiff attempted to get his legal mail signed by
13  C/O Zarate while the dayroom was full of inmates and C/O Gutierrez with
14  the "Semi Automatic" cradled in his arms said "We Know you drop dimes
15  (Snitch) thats all you do, your not wanted on this yard". Inmate McduFFy
16  # AR 9722 asked C/O Gutierrez if he could go inside another inmates cell to do
17  a tattoo and C/O Gutierrez yelled down to him "no, mitchell is 602 ing and
18  snitching on our program so until you guys get him out of here theres no
19  more of that." Thereafter several different inmates informed Plaintiff that
20  C/O's Gutierrez and Baeza were going to keep searching cells and taking
21  appliances until the Plaintiff was removed from the yard. Upon information
22  and belief, the officer[s] were attempting to pay "Security Threat
23  Group(gangs) to do the "Favor"(assault).

24  12.    On or about 12/2/15 C/O Baeza continued his daily threats and
25  harassment when he said "You Filed a Complaint on me huh, you want to
26  move back to Five bldg, hey your my buddy, we're Friends huh Mitchell
27  you need a escort to medical you got safety Concerns". Later this
28  same day C/O Baeza said " thats a fine hot mess you got yourself into."
* FN.1 - see exhibit A

6.

1   The Plaintiff thought he was going to author a False Rules Violation Report
2   but instead, upon information and belief, inmate Mcduffy was going to be
3   the attacker. Upon information and belief c/o' Gutierrez and Baeza used
4   Mcduffy to pressure inmate 'Dearwester" AP-9119 out of c59-Corcoran
5   B-yard 4 bldg. by allowing Mcduffy into his cell while he was away
6   to steal all of his property in retaliation to CDC 602'/complaints
7   that 'Dearwester' submitted against them, thereafter, according
8   to inmate 'Hazleton # Aw-8181' the officer's Gutierrez and Baeza
9   made it possible for 'Mcduffy' to steal all his property. This
10  was a method used to pay Mcduffy for past and future
11  Favors they might ask him to do. The Plaintiff submitted a
12  staff Complaint against c/o Gutierrez logged as c5pc-3-15-7180.
13  13.  On 1/2/16 c/o Parra and John Doe #1 allowed Mcduffy to
14  exit 4 bldg. after c/o  Valencia-Mendoza let him out of his cell
15  at PM med-line. Upon information and belief Mcduffy did not
16  recieve PM medication[s] ever and was purposefully let out of
17  his cell to attack the Plaintiff out-side on the yard as the
18  Plaintiff went to get his P.M. Medication. Mcduffy did
19  attack Plaintiff saying "You still snitchin Mitchell"'during the
20  attack he snatched Plaintiffs religious chain off of his neck
21  and handed it inmate Evans # H-1397 and c/o Valencia-Mendoza
22  then allowed him to re-enter 4 bldg as he was in the tower with the
23  controls that opened the doors in Bldg 4. The Plaintiff persuaded
24  'Evans' to give him back his necklace and he entered the building
25  where he was attacked again while c/o' Parra, John Doe #1, Vang and
26  Valencia-Mendoza watched for about 2 to 3 minutes before Valencia-
27  Mendoza told Mcduffy to stop. Mcduffy was released back to his
28  cell while the Plaintiff was taken to medical, the hospital and then

7.

1. to a surgeon to have his left eyelid reconstructed, before the Plaintiff was
2. transported out [c/o] Vargas conducted a search while he smiled at him.
3. 14.   On or about 1/4/16 [c/o] Baeza opened Plaintiffs cell door and stood at
4. the door and said to the Plaintiff "how's your eye, heard they had fun
5. without me, that was a lot of stitches, what we gon do bout that hot
6. mess! Boo!" and he flinched at him. The Plaintiff submitted a staff
7. Complaint the he believes was logged by CSP Corcoran appeals as
8. # CSPC-3-16-00690/CSPC-3-16-01146.
9. 15.   On or about 1/13/16 Plaintiff recieved a RVR #3B-16-01-003 for
10. "Fighting" (See exhibit B.)
11. 16.   On 1/14/16 inmate V. Beltran #H-80692 told Plaintiff he would be
12. a witness for him and would state that "the officers could have
13. stopped it but just watched for awhile". Thereafter inmates of all
14. races that were housed in B-4 said they would testify at trial and
15. or give declarations as to many of the facts alleged herein.
16. 17.   On or about 1/20/16 [c/o] Baeza opened his cell door accompanied
17. by another officer, who appeared to be a white younger rookie, to
18. search his cell. [c/o] Baeza stood in doorway threatening to cut off
19. Plaintiffs hair calling it a "dirty hot mess", he would not allow Plaintiff
20. to exit the cell so he could complete his search until Plaintiff
21. asked he co-worker to "restrain" [+FN.1+] him and thats when [c/o] Baeza
22. allowed him to exit the cell. After the search [c/o] Gutierrez yelled
23. down to the Plaintiff from the tower "Happy Martin Luther King Day!"
24. [c/o] Baeza removed a pair of sweat pants and gave Plaintiff no cell
25. search reciept and told him to "eat it". This incident is also
26. detailed in CSPC-3-16-00690/CSPC-3-16-01146.
27. 18.   On 2/2/16 the Plaintiff was found not guilty of RVR-3B-16-
28. 01-003. The Senior Hearing officer M. Bejarano, LT. noted that the

+FN.1 by verbal admonishment.

8.

1. Plaintiff and Mcduffy "should be considered enemies". The CDC Form 812
2. contained in each of the inmates Central file should be updated to reflect the
3. enemy concerns with eachother." (see exhibit B)
4. 19. On 8/25/16 inmate D. Wells # F-43748 signed a declaration under the
5. penalty of perjury stateing he witnessed most of the facts outlined in the
6. complaint. (see exhibit C)
7. 20. On 9/11/16 inmate R. Moreno # J-56912 signed a declaration under the
8. penalty of perjury Corroborating some facts outlined in the Complaint.(ex. C) see
9. 21. On 3/11/17 inmate Jerod Morris was housed in CSP-Corcoran in bldg 4 *FN.1
10. during the events outlined in the complaint and signed a declaration
11. Under the penalty of perjury. (see exhibit C.)
12. 22. On 5/24/18 inmate F. Garcia # H-74821 signed a declaration under the
13. penalty of perjury Corroborating some facts outlined in the Complaint. *FN.2
14. 23. During 2017 and 2018 while housed at R.J. Donovan Prison inmates that
15. were housed at CSP-corcoran began to arrive at R.J. Donovan and inmate
16. Mcduffy also arrived on C-yard, Mcduffy sat and talked with Plaintiff
17. about why he attacked Plaintiff and apologized saying" they lied to me by left
18. saying you were a "childmolester and a Snitch". Mcduffy said "I just Baeza
19. he sent me here to do a job, after Plaintiff asked how did he get on the
20. Same yard because the enemy Chrono (CDC 812) was supposed to prevent
21. it and he concluded that he was "done working for them" and that the
22. Plaintiff should not worry about him attacking him. Plaintiff asked him
23. to give him a declaration regarding the incident with him assaulting the
24. plaintiff and a few days later he handed Plaintiff two pages front and
25. back handwritten but refused to sign it until Plaintiff gave him drugs
26. The Plaintiff told him he would not pay him anything and that he had
27. no drugs.
28.

* FN.1 CDCR # AC-4028
* FN.2 See exhibit C

9.

THE PLAINTIFF SUFFERED RETALIATORY
TREATMENT IN VIOLATION OF THE 1ST AMEND.
APPEALS IN VIOLATION OF THE 1ST AMEND.
CLAIM ONE      OF THE U.S. CONSTITUTION AND 42 U.S.C. 1997(d).

1   24.   Plaintiff realleges and incorporates by reference each allegation in

2   paragraphs 1 thru 23 as if alleged herein.

3   25.   Defendant(s), J. Vargas, J. Huewe, H. Baeza, C.M. Gutierrez Jr., A. Parra and

4   J. Valencia-Mendoza retaliated against Plaintiff for filing C.D.C.R. 602 inmate

5   grievances in violation of the 1st Amendment of The U.S. Constitution and 42

6   U.S.C. 1997(d) prohibition against retaliation, mcduffy is included in claim 1.

7   26.   Specifically, J. Vargas and J. Huewe[1] took the "adverse action(s)"

8   of doing excessive cell searches wherein they would leave his legal

9   documents mixed up in disarray, remove candy bars and dictionaries

10  without giving Plaintiff a cell-search slip that itemized what and why

11  property was taken. The defendant(s) incited and or encouraged inmates

12  to harass and or assault Plaintiff by spreading rumors that he was a

13  "child-molester" and a "snitch"(2.) the "adverse action(s)" were taken because

14  Plaintiff exercised his 1st Amendment Right to File C.D.C.R. 602 CSPC-3-15-

15  03359 and CSPC-3-15-05195. In addition, Plaintiff used the dictionary

16  and thesaurus to rehabilitate himself through education and through

17  the acquired education he used it to assert his feelings and U.S.

18  constitutional Rights, to submit grievances and complaints, that falls

19  under "Protected Conduct". The defendants actions had a "chilling effect" on Plaintiffs

20  ability and willingness to assert his 1st Amendment Right because he suffered

21  depression and anxiety attacks not knowing when or who he would be

22  assaulted by. The intentional subjection to "serious risk of harms" by a officer

23  who gave a oath to protect is a form of "terrorism". The "causal connection" is

24  shown in the time and sequence of events as to when he submitted the

25  C.D.C.R. 602 up to the day he submitted CSPC-3-15-05195 on 9/13/15 and

26  the next day the defendants attempted to rehouse Plaintiff in another

27  building with inmate Mcduffy who thereafter did in fact assault the

28  Plaintiff at the direction of officers at CSP-Corcoran.

FN. attempt to rehouse Plaintiff
    with Mcduffy.

10.

1  27.  Specifically, H. Baeza joined the Campaign of harassment and retaliation
2  after "40" Vargas and Huewe moved Plaintiff into Four building (B-4) by taking the
3  "adverse action[s] on 9/15/15 when, upon information and belief, he encouraged inmate
4  Connors "to do something..." to the Plaintiff which he believed meant "I
5  assault him, then on 9/24/15 "40 Baeza threatened to "slap" the Plaintiff when
6  he tried to be rehoused for his own "safety and security" based on what
7  Connors previously told him. On 10/6/15 CSPC-3-15-5908 was a complaint/602
8  submitted against H. Baeza and thereafter he increased his "threats,
9  harassment" and efforts to have Plaintiff assaulted because he submitted
10 complaint CSPC-3-15-05908 which is "Conduct protected" by the 1st Amend.
11 of The U.S. Constitution. These "adverse actions" chilled the exercise of
12 Plaintiffs 1st Amendment Right to be free from retaliation after seeking
13 a redress of grievances and or the filing of a Complaint. The "Causal
14 Connection" is clear by the timeline and sequence of events that occured
15 after each filing against the defendant and or those enjoined to the
16 "Campaign of harassment and retaliation up to the attack by McDuffy.
17 28.  Specifically, C.M. Gutierrez Jr. joined the "Campaign of harassment
18 and retaliation" openly on or about 11/9/15 when Plaintiff returned from
19 CSP-Sacramento where he informed his mental Health Clinician that "40's
20 Baeza and Gutierrez" were threatening him, "40 Gutierrez took the "adverse
21 action" by yelling down to Plaintiff on multiple occasions stuff that
22 brought fear while he cradled the "Semi Automatic rifle" in his arms.
23 He said "Staff Complaint Mitchell.." while he shook his head, on 12/1/15
24 he yelled down from the tower with the same disposition "... your
25 not wanted on this yard... "and "... happy Martin Luther King Day"
26 while "40 Baeza search his cell and took property. These actions are a
27 direct result of CSPC-3-15-05908 and CSPC-3-15-07180 that are appeals
28 submitted as to the misconduct outlined herein, in addition "40 Gutierrez

11.

1  took the 'adverse action' to conspire with and or incite inmate Mcduffy to
2  attack the Plaintiff. The Plaintiff had a 1st Amendment Constitutional Right to
3  submit CDCR 602/Complaint and this is protected Conduct. The 'adverse
4  actions' had a 'chilling effect' that caused isolating, fear, anxiety and
5  amongst other 'chilling effects', depression. The 'Causal Connection' is clearly
6  shown by the timeline of events up to 1/2/16 when C/O' Gutierrez and Baeza
7  Conspired with inmate Mcduffy to assault the Plaintiff.

8  29.  Specifically, J. Valencia-Mendoza took the 'adverse action' of releasing
9  inmate Mcduffy out of his cell to attack Plaintiff and his inaction in
10 trying to stop the attack with the 'non-lethal block gun' shows that he
11 allowed the attack to Continue, because Plaintiff filed Complaints/602'
12 against C/O' Baeza and Huewe *FN.1* which is 'protected Conduct' under the 1st
13 Amendment. The 'adverse actions' and or 'inactions' chilled Plaintiffs
14 exercise of his 1st Amendment Right by Causing him depression, fear and
15 serious bodily injury. The Causal Connection is shown by the timeline of
16 events and or his 'actions' or 'inactions' did not reasonably advance a
17 legitimate Correctional goal nor 'penological purpose'.

18 30.  Specifically, A. Parra took the 'adverse action' of allowing inmate
19 Mcduffy to exit the building for PM med-line so that he could attack
20 Plaintiff on the yard and then A Parra allowed the attack to
21 Continue inside of the building where he was the senior officer assigned to
22 the building Floor, A.Parra allowed the attack to Continue because he Knew it
23 was going to happen ahead of time because of the Complaints the Plaintiff filed
24 against C/O' Baeza and Gutierrez which was 'protected Conduct. The 'adverse
25 actions' and or 'inactions' chilled Plaintiffs exercise of his 1st Amendment Right
26 by causing him depression, fear and amongst other things serious bodily injury.
27 The 'Causal Connection' is apparent when the timeline and events are reviewed.
28 The action or inaction' did not serve a legitimate penological purpose.
FN.1 including C/O Gutierrez and Vargas.

12.

1   31.   Specifically, Mcduffy attacked the Plaintiff because he filed core 602³/

2   and complaints against 40° Baeza and Gutierrez. The filing of inmate grievances is

3   protected conduct. Mcduffy's actions had a chilling effect that resulted in serious

4   Bodily Injury. The causal connection is detailed in Mcduffy's own declaration

5   wherein he states the cause and connection as to why he assaulted the Plaintiff

6   32.   The defendants actions/inactions violated U.S.C. 1997(d) prohibition of retaliation

7   CLAIM TWO          DEFENDANTS VIOLATED STATE LAW UNDER
                       CALIFORNIA CIVIL CODE 3.52.1(a)-(b)

8   33.   Plaintiff realleges and incorporates by reference each allegation in

9   paragraphs 1 thru 33 as if alleged herein.

10   34.   Defendants, H. Baeza, C. Gutierrez, J. Huewe, J. Vargas, A. Parra, J. Valencia-

11   mendoza and Mcduffy interfered with the exercise of enjoyment by an individual

12   or rights secured by the Constitution or laws of the United states, or rights

13   secured by the constitution of California or laws of California pursuant to Ca.

14   Civ. Code 3.52.1(a)-(b) and the Ca. Code of Regulations Title 15 Crime Prevention and

15   Corrections 3 3084.i.(a)-(c) which provides the right to appeal without reprisals.

16   35.   Specifically, all of the defendants and each of them interfered with

17   Plaintiff state and Federal Rights to the appellate process by acts of retaliation

18   threats, intimidation, harassment conspiracy to assault and assault because

19   the Plaintiff exercised his rights to file grievances to redress wrongs. All of

20   the defendants except inmate Mcduffy acted under the color of Law.

21   CLAIM THREE        THE DEFENDANTS FAILED TO PROTECT VIOLATING
                       THE 8ᵗʰ AMEND. OF THE U.S. CONST. W/DELIBERATE INDIFFERENCE.

22   36.   Plaintiff realleges and incorporates by reference each allegation in

23   paragraphs 1 thru 36 as if alleged herein.

24   37.   Defendants, J. Valencia-mendoza, A. Parra, John Doe# 1 and

25   40 Vang intentionally and Knowingly failed to Protect and or intervene

26   to stop an assault that caused the Plaintiff serious bodily injury

27   resulting in the need to get reconstructive surgery and emotional distress

28   per. 42 U.S.C. 1997e(e) in violation of the 8ᵗʰ Amend. with deliberate indifference.

13.

38.     Specifically, J. Valencia-Mendoza intentionally failed to intervene and or protect the Plaintiff from a assault by another inmate.(1) J. Valencia-Mendoza was in the 4 bldg. control tower that had the switches to open doors and he allowed Mcduffy out of his cell at p.m. medication call despite, upon information and belief, he did not recieve medication at this time.(2) J. Valencia-Mendoza had a 'realistic opportunity to intercede' while Mcduffy was assaulting Plaintiff on the dayroom floor directly in front of his window, he had pepper spray and a non-lethal firearm both of which he was trained to use to protect inmates from physical harm but he did not utilize any of these remedies to prevent violence. J. Valencia-Mendoza acted with deliberate indifference because he knew and or should have known that failing to supervise the med-line release and or opening cell doors for inmates that shouldn't be out could cause a disruption in the prison and or pose a 'substantial risk' to the safety and security of staff and inmate, in addition the defendant must have known that allowing inmate Mcduffy to pull Plaintiff from his hair while he punched him in the face would result in a 'substantial risk' of harm and cause 'serious bodily' injuries. The defendant disregarded substantial risk of serious harm.

39.     Specifically, A. Parra was the senior officer in control of movement on the floor in bldg. 4 and he allowed Mcduffy to exit the building to first assault Plaintiff on the yard after which he was allowed to re-enter the building and assault Plaintiff directly in front of himself and John Doe #1. C/o Vang entered the building while the attack was occuring and he, by the side of A. Parra and John Doe #1, had a 'realistic opportunity to intercede' and stop the assault by useing their batons, pepper-spray and or their bodies all of which they were trained to use to protect inmate(s) but they chose to watch. The defendants 'actions' and or 'inactions' amounted to deliberate Indifference because they knew or should have known that the assault created a 'substantial risk of harm' to Plaintiff and disregard that risk of serious harm.

14.

CLAIM FOUR

40.   Plaintiff realleges and incorporates by reference each allegation in paragraphs
1 thru 40 as if alleged herein.

41.   Defendants, all and each of them, H. Baeza, C.M. Gutierrez Jr., J. Vargas, A.
Parra, J. Huewe, J. Valencia-Mendoza, John Doe #1 and Vang negligently failed to
protect Plaintiff from physical injury despite knowing, or should have known of facts
constituting a 'impending danger' that could compromise his security, in addition the
defendants 'negligently created, developed, promoted, encouraged and advanced the
dangerous conditions' that led to his injury and negligently subjected him to dangers
that defendants knew or should've known existed resulting in his injuries that
violated state law under the tort claims act government code § 844.6(d). Plaintiff
alleges (1) the defendants had a 'duty' to protect; (2) they breached that duty; (3)
they are the proximate cause of the injuries, and (4) there were damages.

42.   Specifically, H. Baeza, C.M. Gutierrez Jr., J. Varges and J. Huewe (1) had a duty
per Ca. Code of Regs #§§ 3270 to custodial security and responsibility of safe
custody of the inmate(§ 3271)... ; § 3391 to have conduct that is professional
towards inmates and address them by their proper names, and never by slang
or derogatory references] such as "snitch" or "child molester", § 3409 solicit inmates
to assault another inmate, § 3413 not to engage in incompatible activity, and to
not interfere with inmates right to file grievances with retaliation. The defendants]
failed to conform to those regulations that provide for his protection against
'unreasonable risks', (2) their failures amounted to a 'breach of duty'; (3) there is
a close connection between the defendants] conduct and the Plaintiffs
injuries as the conduct being the 'proximate cause'(4) and the Plaintiff
suffered physical and emotional damages.

43.   Specifically, J. Valencia-Mendoza, A. Parra, John Doe #1 and Vang had a duty[1]
per C.C.R § 3270, 3271, 3274(2)(b) and 3274(b)(2) to custodial security, safe
custody of the inmate, scheduled inmate movement and or the supervision of
unscheduled movement. J. Valencia-Mendoza, A. Parra and John Doe #1 gave

15,

1  inmate McDuffy Unsupervised movement,(2) the defendants failure to conform to
2  the California Code of Regulations (Title 15) by their action[s] and or inaction[s]
3  amounted to a " breach of duty"; (3) there is clearly a close connection between
4  the defendants negligent conduct and the Plaintiffs injuries as the conduct
5  being the proximate cause, (4) and the Plaintiff suffered physical and emotional
6  damages.

7  44.  The defendant[s] all and each of them violated rights under the California
8  Tort Claims Act/California Government Code § 844.6(d) and penal Code § 2600, 2601,
9  and Civil Code 51.7 and 52.1.

10  45.  The defendant[s] all and each of them, failed to exercise 'reasonable' and
11  or "Ordinary" care to protect with adequate and proper supervision by
12  officers reasonably attentive to their duties", the assault could have been
13  prevented, however, in addition they are liable for the assault that was
14  'Known' and or 'foreseeable' or that they know' or have reason to anticipate
15  will occur.

16
17                    THE DEFENDANTS CONSPIRED AND OR
                      ACTED JOINTLY TO SUBJECT PLAINTIFF
18  CLAIM FIVE         TO CRUEL AND UNUSUAL PUNISHMENT
                      VIOLATING THE 8th AMENDMENT OF THE U.S.
19                    CONSTITUTION AND 42 U.S.C. 1985

20  46.  Plaintiff realleges and incorporates by reference each allegation
21  in paragraphs 1 thru 46 as if alleged herein.

22  47.  Defendant[s], H. Baeza, C.M. Gutierrez, J. Vargas, J. Huewe, A. Parra,
23  J. Valencia-Mendoza, John Doe #1 and inmate McDuffy conspired together,
24  acted individually and or jointly in concert to physically assault the
25  Plaintiff in violation of the 8th Amendment of The U.S. Const. and 42 U.S.C.
26  1985.

27  48.  Specifically; H. Baeza, C.M. Gutierrez and inmate McDuffy
28  conspired together to deprive the Plaintiff of his civil Rights under

16.

1  the 8th Amendment that prohibits cruel and unusual punishment. The actions of
2  Mcduffy combined with his handwritten unsigned declaration as well as the
3  signed declarations from inmates F. Garcia# H-74821, and D. Wells #F:3748 may
4  establish the existence of the conspiracy.(see exhibit c  declarations of F.
5  Garcia, D. Wells and Mcduffy. The defendant[s] conspired or acted jointly in
6  concert to the overt act to assault the Plaintiff in furtherance of the conspiracy.
7  49.    Specifically J. Vargas, J. Huewe and Mcduffy conspired together, acted
8  individually and or jointly in concert to house Mcduffy and the Plaintiff
9  together on 9/14/15 so that Mcduffy could assault him. The defendant[s] at
10  some point made an "agreement or engaged in a meeting of the minds to violate
11  constitutional Rights" and or at the least it can be inferred from the facts
12  that "each participant shared the common objective of the conspiracy' and that
13  was to rehouse the Plaintiff with Mcduffy and or move him to four building in
14  furtherance of the conspiracy where he would be assaulted.
15  50.    Specifically, J. Valencia-Mendoza, A. Parra, John Doe #1 and Mcduffy
16  conspired together, acted individually and or jointly in concert to release
17  Mcduffy from his cell or out of the building to attack the Plaintiff and
18  to allow the attack to continue in the building with no intervention from
19  themselves or other officers. It can be inferred from the facts that A. Parra
20  and J. Valencia-Mendoza 'shared the common objective of the conspiracy
21  along with Mcduffy and as to John Doe #1 and Vang they are also liable
22  under the conspiracy language "each participant in the conspiracy need not
23  know the exact details of the plan, but each participant must at least
24  share the common objective of the conspiracy.'
25  51.    The actual deprivation of constitution rights resulting from the overt
26  acts of all and each of them was "serious bodily injury and emotional
27  stress.'
28

17.

CLAIM SIX

52.    Plaintiff realleges and incorporates by reference each allegation in paragraphs 1 thru 52 as if alleged herein.

53.    Defendants, H. Baeza and C.M. Gutierrez Jr's threats and or Calculated harassment subjected Plaintiff to Cruel and Unusual Punishment in violation of the 8th Amendment of the U.S. Constitution and § 42 U.S.C. 1997e(e).

54.    Specifically, defendants H. Baeza and C.M. Gutierrez Jr's from on or about 9/24/15 until the day the Plaintiff was transferred out of CSP Corcoran threatened to personally assault Plaintiff and or publicly encourage/incite inmates to attack him as did C.M. Gutierrez Jr. on 12/1/15 and then the day after, on 12/2/15 when H. Baeza said "... you need a escort to medical, you got safety Concerns...". These are acts of Calculated harassment that Violated the 8th Amendment of the U.S. Constitutions right to be free from terror of instant/unexpected physical abuse. These acts are a form of psychological torture, and caused plaintiff to suffer anxiety attacks and nightmares. The defendant[s] engaged acts on almost every day they worked in building 4 while the Plaintiff was housed there and of the many the most memorable was on 12/1/15 c/o C.M. Gutierrez yelled down to the Plaintiff from the tower "... your not wanted on this yard", while he cradled the semi Auto-rifle and on 1/14/16 after the attack and surgery c/o H. Baeza said to Plaintiff "how's your eye, heard they had fun without me, that was alot of stitches, what we gon do bout that hot mess, BOO!". This was terrorism and "repugnant to the conscience of mankind". The defendant[s] each and both of them, were deliberately indifferent and their action[s] amount to "unquestioned and serious deprivations of basic human needs" constituting a deprivation of the "minimal civilized measure of life's necessities" which was the right to be free from terror of a instant or unexpected assault. The "unreasonable risk" of serious damage to the Plaintiffs mental health and or "the excessive risk[s] to Plaintiffs health and safety are a result of the prison Conditions the defendants created.

18.

55. The defendant[s] acted with a state of mind that was "terroristic", and they Knowingly and willingly acted with Knowledge that they were subjecting the Plaintiff to an excessive risk of harm and that their acts were "sadistic and malicious" for the express purpose to be Cruel and Unusual.

## THE DEFENDAN[S] INTENTIONAL INFLICTION OF EMOTIONAL STRESS VIOLATED CA. CIV. CODE 52.1(a)(b). CALIFORNIA TORT CLAIM.

CLAIM SEVEN

56. Plaintiff realleges and incorporates by reference each allegation in paragraphs 1 thru 56 as if alleged herein.

57. The defendants, H. Baeza and C.M. Gutierrez exhibited (1) "extreme and outrageous Conduct" to the Plaintiff with the intention of Causing, or reckless disregard of the probability of Causing, emotional distress,(2) the Plaintiff has and continues to suffer severe anxiety and emotional distress.

58. The defendant[s] Conduct was "outrageous" and was so "extreme as to exceed all bounds of that usually tolerated in a Civilized Community" and was "intended to inflict injury" and or "engaged in with the realization that injury would result," violating Ca. Civ. Code 52.1(R)(b) and government code § 844.6(d) of the California Tort Claims Act (see FN. 1) *

CLAIM EIGHT   DEFENDANT R. DIAZ IS LIABLE FOR THE ONGOING VIOLATIONS TO PLAINTIFFS CONST. RIGHTS.

58. Plaintiff realleges and incorporates by reference each allegation in paragraphs 1 thru 58 as if alleged herein

59. Defendant, R. Diaz is the sec. of Corr. and holds supervisory liability and is (1) personally involved' w/ the ongoing violations to Plaintiffs Civil Rights and Failed to remedy the violations/wrongs (2) created a policy or Custom under which Const. Rights were violated and or allowed a policy or Custom to Continue, (3) the defendant has been 'grossly negligent' in that he has not adequately supervised the subordinates who violated the Plaintiffs Civil Rights while Confined in the Ca. Dept. of Corr. and Rehab.

*FN. 1. Also violated sect. 832.5.5054, and 5058.4(a) of the penal code.

19.

60.   The defendant[s], each of them, as alleged herein, act[s] were despicable, knowing, willful, sadistic, malicious and carried out with deliberate indifference and callous disregard to Plaintiff[s] health and safety.

61.   The defendant[s], each of them, as alleged herein, created conditions of confinement that posed a 'substantial Risk' of serious harm to his person and or risk of serious harm to his Constitutional Rights.

62.   The defendant[s], each of them, had a sufficiently culpable state of mind in their action[s].

## RELIEF REQUESTED

WHEREFORE, Plaintiff request the following relief:

(1.) Issue a declaration that the acts and omissions described herein violated plaintiffs state and federal Constitutional Rights.

(2.) Issue a order granting injunctive relief to stop the act[s] and or omissions described in claim eight and or the motion for a TRO/Preliminary Injunction.

(3.) Award compensatory damages in the amount of $150,000.00 from all and each of them liable in claim one.

(4.) Award Compensatory damages in the amount of $150,000.00 from all and each of them liable in claim two.

(5) Award Compensatory damages in the amount of $150,000.00 from all and each of them liable in claim three.

(6.) Award compensatory damages in the amount of $150,000.00 from all and each of them liable in claim four.

(7.) Award compensatory damages in the amount of $150,000.00 from all and each of them liable in claim five.

(8.) Award Compensatory damages in the amount of $150,000.00 from all and each of them liable in claim six.

(9.) Award Compensatory damages in the amount of $150,000.00 from all and each of them liable in claim seven.

20.

RELIEF REQUESTED CONT.

1   (10.) Award Compensatory damages for emotional stress pursuant to 42 U.S.C. ³1997(e) e

2   to which it applies from all and each of them, to be determined by a jury

3   (11.) Punitive damages to be determined by a jury in all claims to which it applies

4   from all and each of the defendant(s).

5   (12.) Award Compensatory damages for emotional stress pursuant to Government Code ³9454

6   945.(6)

7   (13.) Jury trial on all claims triable by a jury

8   (14.) Plaintiffs cost of this suit and attorney fee's.

9   (15.) Any additional relief this Court deems just, proper and equitable.

*10   (16.) refer to the state/Federal attorney generals for Criminal prosecution. *

11       I have read the foregoing Complaint and hereby verify that the matters

12   alleged herein are true, except as to matters alleged on information and belief, and, as

13   to those, I believe them to be true. I declare under penalty of perjury that the

14   foregoing is true and correct.

15                   Date: 11/18/20

16              Signature: John Mitchell

17

18

19

20

21

22

23

24

25

26

27

28

21.