UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN EDWARD MITCHELL,<br><br>    Plaintiff,<br><br>v.<br><br>H. BAEZA, et al.,<br><br>    Defendants. | Case No. 1:20-cv-00857-HBK (PC)<br><br>ORDER TO PLAINTIFF TO SHOW CAUSE WHY THIS ACTION IS NOT BARRED BY THE STATUTE OF LIMITATIONS<br><br>(Doc. Nos. 1, 10)<br><br>THIRTY-DAY DEADLINE |

This matter comes before the court for its initial screening following reassignment to the undersigned. (*See* Doc. No. 9). John Edward Mitchell ("Plaintiff") is a state prisoner commenced this action by filing a *pro se* civil rights complaint under 42 U.S.C. § 1983 on June 22, 2020. (Doc. No. 1). Plaintiff filed an amended complaint on November 23, 2020, which the court deems the operative pleading. (Doc. No. 10). Because the claims asserted in the amended complaint relate back to the original complaint, *see* Fed. R. Civ. P. 15 (c), the court utilizes the date the original complaint was delivered to correctional officials mailing as the date the complaint was filed for statute of limitations purposes.¹

Plaintiff's allegations exclusively involve events that occurred no later than January 2, 2016.

---

¹ Plaintiff certified, signed and delivered his complaint to officials for mailing on June 18, 2020. (Doc. No. 1 at 24). For statute of limitations purposes, absent evidence to the contrary, the court applies the mailbox rule and deems the complaint filed on June 18, 2020.

1

(Doc. No. 10 pp. 4-9). Plaintiff's claims are subject to a two-year statute of limitations. Consequently, the court will afford plaintiff an opportunity to show cause why the case should not be dismissed as time-barred since the statute of limitations ran on all of plaintiff's claims before he commenced this action.

## I. APPLICABLE LAW

For § 1983 actions, the statute of limitations is dictated "by the forum state's statute of limitations for personal injury actions," which is two years in California. *Whiting v. City of Cathedral City*, 735 F. App'x 927, 928 (9th Cir. 2018); Cal. Civ. Proc. Code § 335.1. California Code of Civil Procedure § 352.1(a) provides an additional two years for those imprisoned "for a term less than for life" when the cause of action accrues. This limitations period is tolled while an inmate exhausts administrative remedies. *Gilmore v. Silva*, 812 F. App'x 689, 690 (9th Cir. 2020).

If a complaint is untimely, it may still proceed if subject to equitable tolling. *Fink v. Shedler*, 192 F.3d 911, 916–17 (9th Cir.1999). For equitable tolling to apply, plaintiff must "show three elements: timely notice to the defendant, lack of prejudice to the defendant, and reasonable and good faith conduct by the plaintiff." *Neil through Cyprian v. Park*, 833 F. App'x 689, 690 (9th Cir. 2021) (internal quotations omitted.)

## II. ANALYSIS

Plaintiff's amended complaint alleges retaliation, failure to protect, cruel and unusual punishment, deliberate indifference, and intentional infliction of emotional distress. (Doc. No. 10). The events underpinning each of these claims occurred between June 4, 2015 and January 2, 2016. (*Id.* at 4-9).

Per the State of California's inmate locator, plaintiff is a "indeterminately-sentenced nonviolent offender," meaning he is serving a sentence of "life with the possibility of parole."[2] Because plaintiff is serving a life sentence, his claims should have been brought in 2018 at the latest. The claims were instead brought in June 2020, and thus appear to be time-barred.

---

[2] https://inmatelocator.cdcr.ca.gov/Details.aspx?ID=H38255; https://www.cdcr.ca.gov/bph/nv-suitabilityhearings/.

The court will provide plaintiff thirty (30) days from receipt of this order to show cause why this matter should not be dismissed as untimely. Specifically, plaintiff should address whether his complaint was timely, and if not, whether equitable tolling applies to allow this action to continue.

Accordingly, it is ORDERED:

Within **thirty (30) days** from the date of service of this order, plaintiff shall show cause why this case should not be dismissed as barred by the applicable statute of limitations.

IT IS SO ORDERED.

Dated:     March 15, 2021

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE