UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN EDWARD MITCHELL,<br><br>             Plaintiff,<br><br>      v.<br><br>R. Diaz, et al.,<br><br>             Defendants. | Case No. 1:20-cv-00857-HBK<br><br>FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER[1]<br><br>(Doc. No. 11)<br><br>THIRTY DAY OBJECTION PERIOD<br><br>CLERK TO ASSIGN TO DISTRICT JUDGE |

Before the court is plaintiff's motion for a temporary restraining order and motion for a preliminary injunction ("Motion") directed at R. Diaz, the Secretary of the California Department of Corrections and Rehabilitation ("CDCR"), filed on November 23, 2020. (Doc. No. 11). For the reasons stated below, the undersigned recommends plaintiff's Motion be denied. (Doc. No. 11).

**I. BACKGROUND**

Plaintiff John Edward Mitchell ("plaintiff"), a state prisoner, initiated this action by filing a *pro se*, 42 U.S.C. § 1983 complaint against eight correctional officials ("defendants") at CDCR – Corcoran on June 22, 2020. (Doc. No. 1). Plaintiff paid the filing fee to proceed in this action.

---

[1] The undersigned submits these factual findings and recommendations to the District Court pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Cal. 2019).

(*See* docket entry dated July 8, 2020).  Plaintiff is now proceeding on his amended complaint filed on November 23, 2020.  (Doc. Nos. 7, 8, 10).  The amended complaint complains about various unrelated incidents that occurred while plaintiff was incarcerated at CRCR-Corcoran.  Plaintiff states in his amended complaint that he is now incarcerated at Mule Creek State Prison in Ione, California.  (*See* Doc. No. 10 at 1).  Plaintiff filed the instant motion for a temporary restraining order and preliminary injunction seeking: (1) to be housed exclusively in prisons with cameras that "monitor all areas," that offer single cell housing, that lack "Known Security Threat Group inmates," and do not employ any of the defendants or their family members; (2) for correctional officials to rule on his past staff complaints and grievances; (3) to be given his "approved religious diet within 72 hours" of being transferred to a new prison; (4) that all "excessive" and "unnecessary" force against him cease; (5) to gain access to the law library with no interference with his access to the court; (6) for a "confidential" area for attorney/client communications; (7) that his attendance at future mental health therapy sessions be logged; and (8) all other "rights and reliefs the Court deems appropriate." (Doc. No. 11 at 2-3, 43-48).  Plaintiff argues a temporary restraining order is necessary to "stop the ongoing acts of harassment and retaliation" from prison officials.  (*Id.* at 43).  To the extent discernable, the Motion is directed only to Defendant Diaz, the Secretary of CDCR.  (*See Id*. at 3-4).  After screening plaintiff's amended complaint, the court issued an order to show cause to plaintiff why his amended complaint was not barred by the applicable statute of limitations.  (*See* Doc. No. 14).

**II.  APPLICABLE LAW**

Federal Rule of Civil Procedure 65 governs injunctions and restraining orders, and requires that a motion for temporary restraining order include "specific facts in an affidavit or a verified complaint [that] clearly show that immediate, and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition," as well as written certification from the movant's attorney stating "any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b).

Temporary restraining orders are governed by the same standard applicable to preliminary injunctions, with the exception that preliminary injunctions require notice to the adverse party.

*See Cal. Indep. Sys. Operator Corp. v. Reliant Energy Servs., Inc.,* 181 F.Supp.2d 1111, 1126 (E.D. Ca. 2001); *see also* Fed. R. Civ. P. 65(a).  Local Rule 231, however, requires notice for temporary restraining orders as well, "[e]xcept in the most extraordinary of circumstances," and the court considers whether the applicant could have sought relief by motion for preliminary injunction at an earlier date.  L.R 231 (a)-(b) (E.D. Ca. 2019).  A temporary restraining order "should be restricted to serving [its] underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer."  *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70*, 415 U.S. 423, 439 (1974).

A temporary restraining order, is "an extraordinary remedy" and may be issued only if plaintiff establishes: (1) likelihood of success on the merits; (2) likelihood of irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his/her favor; (4) that an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc*., 555 U.S. 7, 20 (2008).  Plaintiff bears the burden of clearly satisfying all four prongs.  *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011).  A TRO will not issue if plaintiff merely shows irreparable harm is possible – a showing of likelihood is required.  *Id.* at 1131.

The injunctive relief an applicant requests must relate to the claims brought in the complaint.  *See Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 633 (9th Cir. 2015) ("When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction.").  Absent a nexus between the injury claimed in the motion and the underlying complaint, the court lacks the authority to grant plaintiff any relief.  *Id.* at 636.

The Prison Litigation Reform Act ("PLRA") imposes additional requirements on prisoner litigants seeking preliminary injunctive relief against prison officials.  In such cases, "[p]reliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm."  18 U.S.C. § 3626(a)(2); *Villery v. California Dep't of Corr.*, 2016 WL 70326, at *3 (E.D. Cal. Jan. 6, 2016).  As the Ninth Circuit has observed, the PLRA

places significant limits upon a court's power to grant preliminary injunctive relief to inmates, and "operates simultaneously to restrict the equity jurisdiction of federal courts and to protect the bargaining power of prison administrators—no longer may courts grant or approve relief that binds prison administrators to do more than the constitutional minimum." *Gilmore v. People of the State of California*, 220 F.3d 987, 998-99 (9th Cir. 2000). The court's jurisdiction is "limited to the parties in this action" and the pendency of an action "does not give the Court jurisdiction over prison officials in general or over the conditions of an inmate's confinement unrelated to the claims before it." *Beaton v. Miller*, 2020 WL 5847014, at *1 (E.D. Cal. Oct. 1, 2020). If a prisoner has been transferred, any sought injunctive relief against the previous facility becomes moot if the prisoner "has demonstrated no reasonable expectation of returning to [the prison]." *Johnson v. Moore*, 948 F.2d 517, 519 (9th Cir. 1991); *Florence v. Kernan*, 813 F. App'x 325, 326 (9th Cir. 2020). Finally, state governments have "traditionally been granted the widest latitude in the dispatch of [their] own internal affairs." Rizzo v. Goode, 423, U.S. 362, 378 (1976) (citations omitted). This deference applies even more strongly when the court is asked to involve itself in the administrative decisions of a prison. *See Turner v. Safely*, 482 U.S. 78, 85 (1987); *Sandin v. Conner*, 515 U.S. 472, 482-83 (1995).

**III. DISCUSSION**

Having reviewed plaintiff's Motion, the court does not find that plaintiff has satisfied his burden to show that immediate and irreparable injury, loss, or damage will result to him before the California Department of Corrections can be heard, thus precluding a temporary restraining order under Fed. R. Civ. P. 65 and Local Rule 231(a). Plaintiff also has not met his burden to justify issuing a preliminary injunction.

Plaintiff's Motion seeks a restraining order concerning a litany of matters ranging from providing him a religious diet to a private area for visiting with his attorney. *Supra* at 2. Plaintiff's allegations do not satisfy the requisite four elements necessary for issuance of a temporary restraining order or a preliminary injunction. At the outset, it is unlikely that plaintiff will succeed on the merits of his case considering his claims may be time-barred under the applicable statute of limitations. (*See* Doc. No. 14) (order to show cause directed at plaintiff to

address why the claims are not time-barred). Plaintiff does not provide specific facts how he will suffer immediate or irreparable harm. Further, the various events of which plaintiff complains, occurred while plaintiff was confined at CDCR-Corcoran. Plaintiff has been transferred to a new facility and does not show a likelihood that he will be returned to Corcoran. Nor does plaintiff certify in writing what efforts were made to serve the adverse party with notice, or why notice should be excused. Similarly, plaintiff's motion wholly fails to address whether the balance of equities and the public interest favor granting injunctive relief, especially when they tip in favor of state prison officials. Based on the foregoing reasons, the undersigned recommends the district court adopt these findings and recommendations and deny plaintiff's Motion.

Accordingly, it is **ORDERED**:

The Clerk of Court is directed to assign a district judge to this action.

It is further **RECOMMENDED**:

Plaintiff's motion for a temporary restraining order and/or preliminary injunction (Doc. No. 11) be **DENIED**.

### NOTICE TO PARTIES

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty (30) days after being served with these findings and recommendations, a party may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   April 6, 2021

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE