UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN EDWARD MITCHELL, | Case No. 1:20-cv-00857-DAD-HBK |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR ALTERNATIVE DISPUTE RESOLUTION AND/OR FOR APPOINTMENT OF COUNSEL |
| v. | |
| H. BAEZA, C. GUITERREZ, E. MORENO, M. BASS, J. HUEWE, J. VARGAS, J. VALENCIA-MENDOZA, A. PARRA, | (Doc. No. 24) |
| Defendants. | |

Plaintiff, John Edward Mitchell, is a current state prisoner proceeding *pro se* on his first amended complaint filed under 42 U.S.C. § 1983. (Doc. No. 10). Pending before the Court is Plaintiff's motion for alternative dispute resolution and/or for appointment of counsel. (Doc. No. 24).

Plaintiff requests the Court refer his case to alternative dispute resolution. (*Id*. at 1-3). This case is still at the screening stage and no defendants have been served. *See generally* docket. Thus, Plaintiff's request for alternative dispute resolution is premature.

Plaintiff also seeks appointment of counsel to represent him at an alternative dispute resolution with the option and, if his case is not resolved at an alternative dispute resolution, to continue his representation on the basis: (1) his mental state is fragile and he suffers from "mental health deficiencies"; (2) he suffered retaliation while he litigated past civil rights claims;

and (3) he unsuccessfully attempted to obtain counsel from the University of the Pacific, McGeorge School of Law Mediation Clinic.  (*Id*. at 2-3).

The United States Constitution does not require appointment of counsel in civil cases.  *See Lewis v. Casey*, 518 U.S. 343, 354 (1996) (explaining *Bounds v. Smith*, 430 U.S. at 817, did not create a right to appointment of counsel in civil cases).  This Court has discretionary authority under 28 U.S.C. § 1915 to appoint counsel for an indigent to commence, prosecute, or defend a civil action.  *See* 28 U.S.C. § 1915(e)(1) (stating the court has authority to appoint counsel for people unable to afford counsel); *see also United States v. McQuade*, 519 F.2d 1180 (9th Cir. 1978) (addressing relevant standard of review for motions to appoint counsel in civil cases) (other citations omitted).  However, motions to appoint counsel in civil cases are granted only in "exceptional circumstances." *Id.* at 1181.  The Court may consider many factors to determine if exceptional circumstances warrant appointment of counsel including, but not limited to, proof of indigence, the likelihood of success on the merits, and the ability of the plaintiff to articulate his or her claims *pro se* in light of the complexity of the legal issues involved.  *Id.*; *see also Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *withdrawn in part on other grounds on reh'g en banc*, 154 F.2d 952 (9th Cir. 1998).  The Court "is not required to articulate reasons for denying appointment of counsel if the reasons are clear from the record." *Johnson v. United States Dept. of Treasury*, 939 F.2d 820, 824 (9th Cir.1991)

Plaintiff has failed to demonstrate that exceptional circumstances warrant appointment of counsel.  Plaintiff does not indicate the nature of his alleged "mental health deficiencies" or how such "deficiencies" affect his ability to prosecute this action.  (*See* Doc. No. 24 at 2-3).  Indeed, a review of the pleadings filed by Plaintiff to date show he can articulate his claims in this case. See *Brown v. Reif*, 2019 WL 989874, at *2 (E.D. Cal. Mar. 1, 2019) (denying appointment of counsel where plaintiff's filing demonstrate ability to properly litigate case despite mental illness); see also *West v. Dizon*, 2014 WL 1146569, at *4 (E.D. Cal. Jan. 9, 2014) (explaining that there are no extraordinary circumstances that justify appointing plaintiff counsel who alleges a mental disability without any supporting evidence to detail the nature or effects of the alleged mental disability).  Plaintiff argues that the appointment of counsel will allow him to prosecute

2

his case without fear of retaliation.  (*See* Doc. No. 24 at 2-3).  Plaintiff's claims involve events that occurred why he was imprisoned at California State Prison-Corcoran.  (*See generally* Doc. No. 10).  Plaintiff has since been transferred from California State Prison-Corcoran to Kern Valley State Prison, reducing the possibility of retaliation in response to Plaintiff prosecuting this action.  (Doc. Nos. 22 and 23); see *Christ v. Deberry*, 2011 WL 43582, *4 (E.D. Cal. Jan. 6, 2011) (denying plaintiff's request for appointing counsel because possibility of retaliation against plaintiff for pursuing his case was reduced since he was transferred to a different institution).  Finally, Plaintiff's inability to obtain counsel is not "a proper factor for the Court to consider in determining whether to request counsel."  *Howard v. Hedgpeth*, 2010 WL 1641087, at *2 (E.D. Cal. Apr. 20, 2010).  Should this case progress and Plaintiff's circumstances change so that he is able to demonstrate exceptional circumstances, he may renew his motion for appointment of counsel at that time.

        Accordingly, it is **ORDERED**:

        Plaintiff's motion for ADR and to appoint counsel (Doc. No. 24) is DENIED without prejudice.

Dated:   April 7, 2022

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE