UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN EDWARD MITCHELL,<br><br>         Plaintiff,<br><br>   v.<br><br>H. BAEZA, et al.,<br><br>         Defendants. | Case No.  1:20-cv-00857-NODJ-HBK (PC)<br><br>ORDER GRANTING PLAINTIFF'S CONSTRUED MOTION FOR EXTENSION OF TIME<br><br>(Doc. No. 37)<br><br> MARCH 25, 2024 DEADLINE |

On January 22, 2024, Plaintiff filed a pleading titled "Request for a Stay of Proceedings." (Doc. No. 37).  In his pleading, Plaintiff asserts that he is in discussions with an attorney to represent him in this matter and two other cases[1] and needs additional time to finalize representation.  (*Id*. at 1-2).

On January 18, 2024, the Court issued a second screening order in this case, finding that Plaintiff's SAC states several cognizable federal claims, and directing Plaintiff to either voluntarily dismiss the remaining claims or stand on his SAC subject to the undersigned recommending dismissal of certain claims.  (*See* Doc. No. 36, "Screening Order").  The Screening Order directed Plaintiff to submit his response to correctional officials for mailing no later than March 4, 2024.  (*Id*. at 29-30).  While Plaintiff styles his Motion as a Request for Stay

---

[1] To the extent Plaintiff seeks relief in the other two cases cited in the Motion, he must file an appropriate motion in each of those cases.

of Proceedings, because the only pending matter in this case is Plaintiff's response to the Screening Order, the Court construes the Motion as a motion for extension of time to response to the January 18, 2024 Screening Order.[2] *See, e.g., Bell v. Cnty. of Maricopa,* 2020 WL 8834781, at *1 (D. Ariz. May 27, 2020) (construing motion for stay as motion for extension of time); *see also Garces v. Pickett*, 2021 WL 978540, at *9 (E.D. Cal. Mar. 16, 2021) (same). Thus, the Court construes the pleading as motion for extension of time to file a response to the Court's January 18, 2024 Screening Order.

The Court may grant an extension of time "with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires." Fed. R. Civ. P. 6(b)(1)(A). Here, the Court finds good cause to grant the Motion, given that Plaintiff appears to be in the final stages of securing counsel and should be permitted to consult with counsel before filing a response to the Screening Order.

Accordingly, it is **ORDERED:**

1. Defendant's construed motion for extension of time (Doc. No. 37) is **GRANTED**.
2. Plaintiff shall deliver a response to the Court's January 18, 2024 Screening Order to correctional officials for mailing **no later than March 25, 2024**; alternatively, by this same date counsel may enter a notice of appearance and file such a response.
3. If Plaintiff fails to timely comply with this Court Order or seek a further extension of time to comply, the Court will recommend the district court dismiss this action for Plaintiff's failure to comply with this Court Order and prosecute this action.

Dated:   January 24, 2024

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

---

[2] A motion's "nomenclature is not controlling." *Miller v. Transamerican Press, Inc.*, 709 F.2d 524, 527 (9th Cir. 1983) (quoting *Sea Ranch Ass'n v. Cal. Coastal Zone Conservation Comm'ns*, 537 F.2d 1058, 1061 (9th Cir. 1976)). Instead, we "construe [the motion], however styled, to be the type proper for the relief requested." *Id.*