UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN EDWARD MITCHELL,<br><br>Plaintiff,<br><br>v.<br><br>H. BAEZA, et al.,<br><br>Defendants. | Case No.  1:20-cv-00857-HBK (PC)<br><br>ORDER DENYING AS MOOT PLAINTIFF'S REQUEST FOR STAY<br><br>(Doc. No. 39)<br><br>ORDER NOTING VOLUNTARY DISMISSAL UNDER FED. R. CIV. P. 41(a)(1)(A)(i) AND FED. R. CIV. P. 15(a) OF CERTAIN CLAIMS<br><br>(Doc. No.  40)<br><br>ORDER DIRECTING CLERK TO REVISE DOCKET TO REFLECT ONLY NAMED DEFENDANTS |

Plaintiff John Edward Mitchell, a state prisoner, is proceeding pro se in this action filed under 42 U.S.C. § 1983.  On January 18, 2024, this Court issued a screening order on Plaintiff's Second Amended Complaint ("SAC").  (Doc. No. 36).  As discussed in the Court's screening order, the SAC states cognizable (1) First Amendment retaliation claims against Defendants Baeza and Gutierrez; (2) Eighth Amendment Failure to Protect claims against Defendants Baeza, Gutierrez, Valencia-Mendoza, John Doe #1, Parra, and Vang, (3) Intentional Infliction of Emotional Distress claims against Defendants Baeza and Gutierrez, (4) Negligence claims against Defendants Baeza, Gutierrez, Valencia-Mendoza, Parra, John Doe #1 and Vang, (5) Bane Act

1    claims against Defendants Baeza, Gutierrez, Valencia-Mendoza, and inmate McDuffy, and (6)

2    civil conspiracy claims against Defendants Baeza and Gutierrez.  (*Id*. at 29).  The Screening

3    Order afforded Plaintiff the opportunity to either (1) file a notice under Rule 41 and Federal Rule

4    of Civil Procedure 15 that he is willing to proceed only on the claims the court found cognizable

5    in its screening order; or (2) stand on his SAC subject to the undersigned issuing Findings and

6    Recommendations to dismiss the claims not deemed cognizable.  (*Id*. at 30).

7        On February 2, 2024, Plaintiff filed a Notice to Proceed on Cognizable Claims.  (Doc. No.

8    40).  In his signed and dated Notice, Plaintiff states, "I choose option one. I intend to proceed

9    only on the above six claims deemed cognizable."  (*Id*. at 1).

10       A plaintiff may voluntarily dismiss any defendant or claim without a court order by filing

11   a notice of dismissal before the opposing party answers the complaint or moves for summary

12   judgment.  Fed. R. Civ. P. 41 (a)(1)(A)(i).  Here, no party has answered or moved for summary

13   judgment.  (*See* docket).  Further, the Ninth Circuit recognizes a party has an absolute right prior

14   to an answer or motion for summary judgment to dismiss fewer than all named defendants or

15   claims without a court order.  *Pedrina v. Chun*, 987 F.2d 608, 609-10 (9th Cir. 1993).

16   Alternatively, the Court construes Plaintiff's Notice as a motion to amend the Complaint under

17   Federal Rule of Civil Procedure 15(a).  *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d

18   683, 687 (9th Cir. 2005) (Rule 15(a) "is appropriate mechanism" when party is eliminating an

19   issue or one or more claims but not completely dismissing a defendant).

20       In accordance with Plaintiff's Notice, Plaintiff's SAC will proceed only on his (1) First

21   Amendment retaliation claims against Defendants Baeza and Gutierrez; (2) Eighth Amendment

22   Failure to Protect claims against Defendants Baeza, Gutierrez, Valencia-Mendoza, John Doe #1,

23   Parra, and Vang, (3) Intentional Infliction of Emotional Distress claims against Defendants Baeza

24   and Gutierrez, (4) Negligence claims against Defendants Baeza, Gutierrez, Valencia-Mendoza,

25   Parra, John Doe #1 and Vang, (5) Bane Act claims against Defendants Baeza, Gutierrez,

26   Valencia-Mendoza, and inmate McDuffy, and (6) civil conspiracy claims against Defendants

27   Baeza and Gutierrez.  (*See* Doc. No. 30).  Plaintiff's remaining claims not deemed cognizable are

28   dismissed under Rule 41.

Plaintiff also filed a Request for Stay on February 2, 2024. (Doc. No. 39). The Court previously denied Plaintiff's Request for Stay on January 24, 2024 but granted him an extension of time to respond to the Court's January 18, 2024 Order. (Doc. No. 38). Because Plaintiff timely responded to the Screening Order, Plaintiff's request for a stay is moot. Furthermore, no stay is required at this stage of the proceedings as Plaintiff is not under any court-ordered deadline.

Accordingly, it is **ORDERED**:

1. The Clerk of Court shall correct the docket to add Defendants Vang and McDuffy as named Defendants and terminate Defendants Moreno, Bass, Huewe, and Vargas to reflect Plaintiff's notice of voluntary dismissal under Rule 41(a)(1) of these same Defendants.
2. Plaintiff's Request for Stay filed February 2, 2024 (Doc. No. 39) is **DENIED** as moot.
3. The Court will direct service upon Defendants Baeza, Gutierrez, Valencia-Mendoza, Parra, Vang, and McDuffy by separate order.

Dated:  February 13, 2024

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

3