UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN EDWARD MITCHELL,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>H. BAEZA, et al.<br><br>　　　　Defendants. | Case No. 1:20-cv-00857-HBK (PC)<br><br>ORDER TO SHOW CAUSE WHY DEFENDANT VANG SHOULD NOT BE DISMISSED FROM THIS ACTION FOR FAILURE TO PROVIDE SUFFICIENT INFORMATION TO EFFECTUATE SERVICE<br><br>(Doc. No. 42)<br><br>**THIRTY (30) DAY DEADLINE** |

　　　　Plaintiff John Edward Mitchell is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's First Amendment retaliation claims against Defendants Baeza and Gutierrez; Eighth Amendment Failure to Protect claims against Defendants Baeza, Gutierrez, Valencia-Mendoza, John Doe #1, Parra, and Vang; Intentional Infliction of Emotional Distress claims against Defendants Baeza and Gutierrez; Negligence claims against Defendants Baeza, Gutierrez, Valencia-Mendoza, Parra, John Doe #1 and Vang; Bane Act claims against Defendants Baeza, Gutierrez, Valencia-Mendoza, and inmate McDuffy; and civil conspiracy claims against Defendants Baeza and Gutierrez. (*See* Doc. No. 42 at 1-2).

　　　　On February 14, 2024, the Court issued an order directing service on Defendants under the Court's E-Service pilot program for civil rights cases for the Eastern District of California.

(*See id.*).  The ordered included the following information regarding Defendant Vang: "Vang, Correctional Officer at CSP-Corcoran during January 2016."  (*Id*. at 2).

On February 21, 2024, the Court received information that correctional officials were unable to identify a correctional officer Vang.  (Doc. Nos. 45, 47).  If Plaintiff is unable to provide the Marshal with the necessary information to identify and locate this defendant, Defendant Vang shall be dismissed from this action, without prejudice.  Specifically, Federal Rule of Civil Procedure 4(m) provides as follows:

> If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

In cases involving a plaintiff proceeding *in forma pauperis*, the Marshal, upon order of the court, shall serve the summons and the complaint.  Fed. R. Civ. P. 4(c)(3).  "[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint, and . . . should not be penalized by having his or her action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform the duties required of each of them . . . ."  *Puett v. Blandford*, 912 F.2d 270, 275 (9th Cir. 1990).  "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is 'automatically good cause . . . .'"  *Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994), abrogated on other grounds by *Sandin v. Connor*, 515 U.S. 472, 115 (1995).  However, where a pro se plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the Court's *sua sponte* dismissal of the unserved defendant is appropriate.  *Walker*, 14 F.3d at 1421–22.

Pursuant to Rule 4(m), the Court will provide Plaintiff with the opportunity to show cause why Defendant Vang should not be dismissed from the action at this time.  Plaintiff may respond to this order by providing additional information that will assist the Marshal in identifying