UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN EDWARD MITCHELL,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>H. BAEZA, C. GUTIERREZ, J. VALENCIA-MENDOZA, A. PARRA, VANG, and MCDUFFY,<br><br>　　　　　Defendants. | Case No. 1:20-cv-00857-KES-HBK (PC)<br><br>ORDER REFERRING CASE TO EARLY ADR<br><br>ORDER DIRECTING CLERK OF COURT TO STAY CASE<br><br>DEADLINE TO OPT OUT DUE BY:<br><br>JULY 8, 2024 |

Plaintiff John Edward Mitchell is a state prisoner proceeding pro se on his Second Amended Complaint brought pursuant to 42 U.S.C. § 1983.  (Doc. No. 30 "SAC").  As set forth in the Court's January 18, 2024 Screening Order, Plaintiff's SAC stated cognizable (1) First Amendment retaliation claims against Defendants Baeza and Gutierrez; (2) Eighth Amendment Failure to Protect claims against Defendants Baeza, Gutierrez, Valencia-Mendoza, John Doe #1, Parra, and Vang, (3) Intentional Infliction of Emotional Distress claims against Defendants Baeza and Gutierrez, (4) Negligence claims against Defendants Baeza, Gutierrez, Valencia-Mendoza, Parra, John Doe #1 and Vang, (5) Bane Act claims against Defendants Baeza, Gutierrez, Valencia-Mendoza, and inmate McDuffy,[1] and (6) civil conspiracy claims against Defendants

---

[1] Service has not been effectuated upon inmate McDuffy.

Baeza and Gutierrez. on which Plaintiff agrees to proceed. (Doc. Nos. 31, 40). On March 22, 2024, Defendants Valencia-Mendoza and Baeza filed waivers of service and Defendant Parra filed a Motion for Extension of Time to file a waiver of service. (Doc. Nos. 49, 50). The Court previously received information indicating that the United States Marshals Service was unable to identify Defendant Vang for service of process.[2] (Doc. No. 47). On April 5, 2024, Defendant Gutierrez filed a waiver of service. (Doc. No. 58). Defendants' responses to the operative complaint are not yet due.

The Court refers all civil rights cases filed by pro se individuals to early Alternative Dispute Resolution (ADR) to try to resolve such cases more expeditiously and less expensively. *See also* Local Rule 270. In appropriate cases, defense counsel from the California Attorney General's Office have agreed to participate in early ADR. No claims, defenses, or objections are waived by the parties' participation.

Attempting to resolve this matter early through settlement now would save the parties the time and expense of engaging in lengthy and costly discovery and preparing substantive dispositive motions. The Court therefore will STAY this action for 90 DAYS to allow the parties an opportunity to investigate Plaintiff's claims, meet and confer, and engage in settlement discussions, or agree to participate in an early settlement conference conducted by a magistrate judge. If after investigating Plaintiff's claims and meeting and conferring, either party finds that a settlement conference would be a waste of resources, the party may opt out of the early settlement conference.

Accordingly, it is **ORDERED**:

1. The Court directs the Clerk of Court to **STAY this action until further order** to allow the parties an opportunity to settle their dispute. Defendants may, but are not required, to file a response to the operative complaint during the stay but the parties may not file other

---

[2] The Court issued an Order to Show Cause under Rule 4(m) to Plaintiff concerning Defendant Vang. (Doc. No. 51). Plaintiff remains under that previously court-ordered deadline to respond to the show cause order.

pleadings or motions during the stay period, **except that Plaintiff remains subject to the deadline to respond to the Court's March 25, 2024 Order to Show Cause why Defendant Vang should not be dismissed under Rule 4(m).** Further, the parties shall not engage in formal discovery until the Court issues a Scheduling and Discovery Order.

2. **Within 90 days** from the date on this Order, or no later than **July 8, 2024**, the parties shall file a notice if they object to proceeding to an early settlement conference or if they believe that settlement is not currently achievable.

3. If neither party has opted out of settlement by the expiration of the objection period, the Court will assign this matter by separate Order to a United States Magistrate Judge, other than the undersigned, for conducting the settlement conference.

4. If the parties reach a settlement prior to the settlement conference, they SHALL file a Notice of Settlement as required by Local Rule 160.

Dated: April 8, 2024

HELENA M. BARCH-KUCHTA  
UNITED STATES MAGISTRATE JUDGE