UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN EDWARD MITCHELL,<br><br>            Plaintiff,<br><br>    v.<br><br>H. BAEZA, et al.,<br><br>            Defendants. | Case No.  1:20-cv-00857-KES-HBK (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL<br><br>(Doc. No. 62) |

Pending before the Court is Plaintiff's motion to appoint counsel.  (Doc. No. 62). Plaintiff, a state prisoner, is proceeding pro se on his Second Amended Complaint.  (Doc. No. 29).  Plaintiff seeks appointment of counsel claiming that he "can't afford to hire" an attorney, his claims are complex, he suffers from post-traumatic stress disorder, and his other efforts to obtain counsel have been unsuccessful.  (Doc. No. 62 at 1-2).

The United States Constitution does not require appointment of counsel in civil cases.  *See Lewis v. Casey*, 518 U.S. 343, 354 (1996) (explaining *Bounds v. Smith*, 430 U.S. at 817, did not create a right to appointment of counsel in civil cases).  Under 28 U.S.C. § 1915, this court has discretionary authority to appoint counsel for an indigent to commence, prosecute, or defend a civil action.  *See* 28 U.S.C. § 1915(e)(1) (stating the court has authority to appoint counsel for people unable to afford counsel); *see also United States v. McQuade*, 519 F.2d 1180 (9th Cir. 1978) (addressing relevant standard of review for motions to appoint counsel in civil cases) (other

citations omitted).  However, motions to appoint counsel in civil cases are granted only in "exceptional circumstances." *Id.* at 1181.  The court may consider many factors to determine if exceptional circumstances warrant appointment of counsel including, but not limited to, proof of indigence, the likelihood of success on the merits, and the ability of the plaintiff to articulate his or her claims *pro se* in light of the complexity of the legal issues involved.  *Id.*; *see also Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *withdrawn in part on other grounds on reh'g en banc*, 154 F.2d 952 (9th Cir. 1998).

Plaintiff has not met his "burden of demonstrating exceptional circumstances*." Jones v. Chen*, 2014 WL 12684497, at *1 (E.D. Cal. Jan. 14, 2014).  At the outset, Plaintiff neither alleges nor demonstrates that he is indigent.  Indeed, Plaintiff paid the filing fee (receipt no. CAE 100045970) and acknowledges he sent a $5000 check to Unite the People, Inc. in an effort to retain counsel.  Plaintiff's inability to find counsel is not "a proper factor for the Court to consider in determining whether to request counsel."  *Howard v. Hedgpeth*, 2010 WL 1641087, at *2 (E.D. Cal. Apr. 20, 2010).  And while Plaintiff contends his imprisonment will "greatly limit his ability to litigate this case," he has successfully litigated this case to date, including asserting claims that survived screening, capably filing several motions, and filing objections to findings and recommendations.  Normal challenges faced by pro se litigants, such as lack of legal training, do not warrant appointment of counsel.  *See Siglar v. Hopkins*, 822 F. App'x 610, 612 (9th Cir. 2020) (denying appointment of counsel because the plaintiff's "circumstances were not exceptionally different from the majority of the challenges faced by pro se litigants.")

Accordingly, it is **ORDERED**:

Plaintiff's motion for appointment of counsel (Doc. No. 62) is DENIED.

Dated: \_\_\_May 2, 2024\_\_\_

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

2