1

2

3

4

5

6

7

8                     UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   JOHN EDWARD MITCHELL,                   Case No.  1:20-cv-00857-KES-HBK (PC)

12              Plaintiff,                    FINDINGS AND RECOMMENDATIONS TO
                                             DISMISS DEFENDANT VANG UNDER
13        v.                                 FED. R. CIV. P 4(m)

14   H. BAEZA, et al.,                        14-DAY OBJECTION PERIOD

15              Defendants.

16

17

18          This matter comes before the Court upon periodic review of the docket.  For the reasons

19   set forth below, the undersigned recommends Defendant Vang be dismissed from this action

20   without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure for Plaintiff's

21   failure to effectuate service upon him.

22                              **BACKGROUND**

23          Plaintiff John Edward Mitchell, proceeding pro se, initiated this civil action on June 22,

24   2020.  (Doc. No. 1, "Complaint").  Plaintiff paid the filing fee on July 1, 2020.  Plaintiff proceeds

25   on his Second Amended Complaint ("SAC") against Defendants H. Baeza, J. Valencia-Mendoza,

26   A. Parra, Vang, who were identified as correctional officers at CSP-Corcoran, and McDuffey,

27   who is an inmate.  (Doc. Nos. 30, 42).

28          On February 14, 2024, the Court directed service on Defendants pursuant to the Court's

1   E-Service pilot program with California Department of Corrections ("CDCR") and the Clerk of

2   Court issued summonses for each Defendant.  (Doc. Nos. 42, 43).  On February 21, 2024, the

3   Court received information that CDCR was "unable to identify" Defendant Vang to accept

4   service.  (Doc. No. 45).  On March 25, 2024, the Court issued an order directing Plaintiff within

5   thirty (30) days to show cause why the Court should not dismiss Defendant Vang for failure to

6   timely serve him as required by Rule 4(m) of the Federal Rules of Civil Procedure.  (Doc. No.

7   51).  The March 25, 2024 Order further afforded Plaintiff the opportunity to provide additional

8   identifying information for Defendant Vang  in order that the Unites States Marshal could

9   effectuate service upon him  (*Id*. at 2-3).   On March 28, 2024, the United States Marshal returned

10   the summons for Defendant Vang as unexecuted.  (Doc. No. 56).  To date, Plaintiff has not

11   responded to the Court's March 25, 2024 Order to Show Cause and the time to effectuate service

12   under Rule 4(m) has expired.

**APPLICABLE LAW AND ANALYSIS**

14          Plaintiffs in a federal civil case may serve individual defendants within a judicial district

15   of the United States by either: (1) following state law service requirements in the state where the

16   district court is located or where service is made; or (2) complying with any of the following

17   federal requirements: (A) "delivering a copy of the summons and of the complaint to the

18   individual personally;" (B) "leaving a copy of each at the individual's dwelling or usual place of

19   abode with someone of suitable age and discretion who resides there;" or (C) "delivering a copy

20   of each to an agent authorized by appointment or by law to receive service of process."  Fed. R.

21   Civ. P. 4(e); *see also*, e.g., Cal. Civ. Proc. Code § 415.30 (listing the requirements for service by

22   mail under California law).  If, however, a defendant is not served within ninety days of filing the

23   complaint, the court "on motion or on its own after notice to the plaintiff[,] must dismiss the

24   action without prejudice against that defendant or order that service be made within a specified

25   time." Fed. R. Civ. P. 4(m).

26          The Court granted Plaintiff an opportunity to provide additional information with which to

27   identify Defendant Vang, or otherwise show cause why Defendant Vang should not be dismissed

28   for failure to serve him, but Plaintiff did not file any response.  (See Doc. No. 56).  The United

States Marshals Service and CDCR have been unable to identify Defendant Vang for service. (*See* Doc. Nos. 45, 47, 56).  More than ninety (90) days have elapsed since the Court directed service.  The Court therefore concludes that dismissal of Defendant Vang without prejudice pursuant to Rule 4(m) is appropriate.

"Failure to follow technical requirements does not warrant dismissal where '(a) the party that had to be served personally received actual notice, (b) the defendants would suffer no prejudice from the defect in service, (c) there is a justifiable excuse for failure to serve properly, and (d) the plaintiff would be severely prejudiced if his complaint were dismissed.'" *Johnson v. San Diego Metro. Transit Sys.*, 2008 WL 3411728, at *7 (S.D. Cal. Aug. 11, 2008) (quoting *Borzeka v. Heckler*, 739 F.2d 444, 447 (9th Cir. 1984)).

Here, the Court finds dismissal is warranted.  There is no evidence that the Defendant Vang received actual notice.  Plaintiff has not offered any justifiable excuse for his inability to serve Defendant Vang in accordance with Rule 4 or state service procedures.  Moreover, the Court has provided specific guidance and afforded Plaintiff an opportunity to provide further identifying information with which to serve Defendant Vang, but he failed to respond.  (*See* Doc. No. 56).  And Plaintiff's SAC will proceed against the remaining Defendants despite the dismissal of Defendant Vang, therefore Plaintiff will not suffer "severe prejudice" by Vang's dismissal from this action.

Accordingly, it is **RECOMMENDED**:

Defendant Vang be dismissed from this action for Plaintiff's failure to effectuate service in compliance with Rule 4(m).

## NOTICE TO PARTIES

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court.  *Id.*; Local Rule 304(b).  The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." The assigned District Judge will review these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C).  A party's

failure to file objections within the specified time may result in the waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).


Dated:    July 1, 2024

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE