1  ROB BONTA, State Bar No. 202668
   Attorney General of California
2  JOANNA B. HOOD, State Bar No. 264078
   Supervising Deputy Attorney General
3  NECULAI GRECEA, State Bar No. 307570
   Deputy Attorney General
4    300 South Spring Street, Suite 1702
     Los Angeles, CA  90013-1230
5    Telephone:  (213) 269-6443
     Fax:  (916) 731-3641
6    E-mail:  Neculai.Grecea@doj.ca.gov
   *Attorneys for Defendants*
7  *H. Baeza, J. Valencia-Mendoza, C. Gutierrez, and A.*
   *Parra*

8              IN THE UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10                       FRESNO DIVISION

11

12

13  **JOHN EDWARD MITCHELL,**              1:20-cv-00857-HBK (PC)

14                          Plaintiff,     **DEFENDANTS' NOTICE OF MOTION
                                           AND MOTION TO DISMISS SECOND
15              v.                         AMENDED COMPLAINT;
                                           MEMORANDUM OF POINTS AND
16                                         AUTHORITIES IN SUPPORT**
    **H. BAEZA, et al.,**
17                                         Judge:        The Honorable Helena M.
                         Defendants.                     Barch-Kuchta
18                                         Action Filed:  June 22, 2020

19

20          **TO PLAINTIFF JOHN E. MITCHELL, IN PRO PER:**

21          **PLEASE TAKE NOTICE** that Defendants H. Baeza, J. Valencia-Mendoza, C. Gutierrez,

22  and A. Parra move the Court under Federal Rule of Civil Procedure 12(b)(6) to dismiss the

23  operative Second Amended Complaint on the grounds that Plaintiff Michell's claims are time-

24  barred under the applicable statute of limitations.  Dismissal should be without leave to amend

25  and should count as a strike under the Prison Litigation Reform Act.

26          Defendants' motion is based on this notice of motion and motion to dismiss, the

27  memorandum of points and authorities, the pleadings and records on file in this action, the

28  concurrently filed request for judicial notice and motion to stay, and any such other matters as

may properly come before this Court.  Pursuant to Eastern District of California Local Rule 230(*l*), this motion shall be submitted upon the record and Defendants will not appear before the Court for a hearing unless otherwise ordered.


Dated:  July 30, 2024                                    Respectfully submitted,

ROB BONTA
Attorney General of California
JOANNA B. HOOD
Supervising Deputy Attorney General


*/s/ Neculai Grecea*

NECULAI GRECEA
Deputy Attorney General
*Attorneys for Defendants*
*H. Baeza, J. Valencia-Mendoza, C.*
*Gutierrez, and A. Parra*

# TABLE OF CONTENTS

**Page**

Memorandum of Points and Authorities ................................................................ 1

Introduction ......................................................................................................... 1

Procedural History ............................................................................................... 2

Summary of Allegations ....................................................................................... 3

Plaintiff's Sentence .............................................................................................. 4

Legal Standard .................................................................................................... 4

Argument ............................................................................................................ 5

    I.      Plaintiff's Claims Accrued on January 2, 2016. ................................. 5

    II.     Plaintiff Had Four Years to Bring His Claims. ................................... 6

    III.    Plaintiff Is Not Entitled to Additional Tolling While He Pursued Administrative Remedies. ................................................................. 6

           A.    District Courts Are Split Regarding the Application of Tolling While a Prisoner Exhaust Administrative Remedies. ................... 7

           B.    The Court Should Apply *Concurrent*, Not *Consecutive* Tolling Here. ........................................................................................ 11

    IV.    Leave To Amend Should Not Be Granted. ....................................... 12

Conclusion ......................................................................................................... 13

1

**TABLE OF AUTHORITIES**

2

**Page**

3

CASES

4

*Ashcroft v. Iqbal*
    556 U.S. 662 (2009) .......................................................................................................... 4

5

6

*Balistreri v. Pacifica Police Dep't*
    901 F.2d 696 (9th Cir. 1990) ........................................................................................... 4

7

*Belanus v. Clark*
    796 F.3d 1021 (9th Cir. 2015) .................................................................................. 6, 13

8

9

*Bell Atlantic Corp. v. Twombly*
    550 U.S. 544 (2007) .......................................................................................................... 5

10

11

*Brown v. Valoff*
    422 F.3d 926 (9th Cir. 2005) ........................................................................................... 7

12

*Harris v. Indus. Acc. Comm'n of Cal.*
    204 Cal. 432 (1928) ........................................................................................................ 10

13

14

*Crane v. Rodriguez*
    No. 2:15-cv-0208-TLN (KJN), 2023 WL 113773 (E.D. Cal. Jan. 5, 2023) ........... 10

15

16

*Gutierrez v. Butler*
    No. 06-cv-02684-LKK (EFB), 2008 WL 436948 (E.D. Cal. Feb. 14, 2008) .............. 9, 10

17

*Harris v. German*
    No. 1:15-cv-01462-GSA, 2017 WL 1881388 (E.D. Cal. May 9, 2017) ................... 10

18

19

*Houson v. Lack*
    487 U.S. 266 (1988) .......................................................................................................... 2

20

21

*Johnson v. Frauenheim*
    No. 1:18-cv-01477-AWI (BAM), 2020 WL 1492674 (E.D. Cal. Mar. 27, 2020) ........ 10

22

*Jones v. Bock*
    549 U.S. 199 (2007) .......................................................................................................... 5

23

24

*Lantzy v. Centex Homes*
    31 Cal.4th 363 (2003) .................................................................................................... 10

25

26

*Lee v. City of Los Angeles*
    250 F.3d 668 (9th Cir. 2001) ........................................................................................... 4

27

*Lopez v. Schwarzenegger*
    2012 WL 78377 (E.D. Cal. Jan. 10, 2012) ............................................................. 10, 11

28

ii

## <u>TABLE OF AUTHORITIES</u>
### (continued)

<u>Page</u>

*Lopez v. Smith*
    203 F.3d 1122 (9th Cir. 2000).................................................................................. 12

*McDonald v. Antelope Valley Cmty. Coll. Dist.*
    45 Cal. 4th 88 (2008) ........................................................................................... 7

*Mitchell v. Davey*
    No. 1:16-cv-1148-DAD (EPG) (E.D. Cal.) .......................................................... 11

*Mitchell v. Haviland*
    No. 2:09-cv-3012-RCJ (E.D. Cal.) ...................................................................... 11

*Reece v. Basi*
    No. 2:11-cv-2712-GEB (AC), 2013 WL 1339048 (E.D. Cal. Apr. 3, 2013)...................... 9, 10

*Rodriguez v. Albonico*
    No. 2:19-cv-1108-MCE (AC), 2022 WL 4096085 (E.D. Cal. Sept. 7, 2022) ...................... 10

*Rose v. Petaluma & S.R. Ry. Co.*
    64 Cal. App. 213 (Cal. Ct. App. 1923) ................................................................ 10

*Seera v. Lappin*
    600 F.3d 1191 (9th Cir. 2010)............................................................................... 12

*Sprewell v. Golden State Warriors*
    266 F.3d 979 (9th Cir. 2001).................................................................................. 4

*Stevenson v. Holland*
    No. 1:16-cv-01831-AWI (SKO), 2017 WL 2958731 (E.D. Cal. Jul 11, 2017)............. 7, 9, 10

*Turner v. Cate*
    No. 15-cv-00109-JVS (AFR), 2016 WL 11517023 (C.D. Cal. Jul. 22, 2016) ...................... 9

*TwoRivers v. Lewis*
    174 F.3d 987 (9th Cir. 1999)................................................................................. 5

*Wallace v. Kato*
    549 U.S. 384 (2007) ............................................................................................ 5

*Western Ctr. for Journalism v. Cederquist*
    235 F.3d 1153 (9th Cir. 2000)............................................................................... 5

*Whiting v. City of Cathedral City*
    735 F. App'x 927 (9th Cir. 2018) ........................................................................ 6

# TABLE OF AUTHORITIES
### (continued)

Page

*Wilkins v. Vancott*
    No. 17-cv-00340-YGR, 2018 WL 3763316 (N.D. Cal. Aug. 7, 2018)................................... 9

**STATUTES**

28 U.S.C. § 1915(g) ...................................................................................................... 13

42 U.S.C. § 1983 ........................................................................................................ 5, 6

Cal. Code Civ. Proc.
    § 335.1 ..................................................................................................................... 6
    § 352.1 ................................................................................................................. 9, 11
    § 352.1(a) ............................................................................................... 6, 10, 11, 12

Cal. Code Regs. Title 15, § 3084.8(c)(3) .................................................................... 12

Prison Litigation Reform Act...................................................................................... 1, 13

**CONSTITUTIONAL PROVISIONS**

First Amendment............................................................................................................ 1, 2

Eighth Amendment ........................................................................................................ 2, 3

**COURT RULES**

Fed. R. Civ. P.
    8(c) ........................................................................................................................... 5
    12(b)(6) ................................................................................................................. 1, 4

Local Rule
    133(i)(3)(ii) ............................................................................................................. 9
    230(*l*) ........................................................................................................................ 2

iv

## MEMORANDUM OF POINTS AND AUTHORITIES

### INTRODUCTION[1]

Plaintiff Mitchell is a California incarcerated person and frequent litigant, currently serving a prison term of eighty-five years to life.  He brought this lawsuit alleging several claims against correctional staff members at California State Prison-Corcoran.  Specifically, Plaintiff claims that staff members conspired to have another inmate, McDuffey, assault Plaintiff in retaliation for exercising his First Amendment rights.

Plaintiff's claims accrued on January 2, 2016, when he was involved in a fight with inmate McDuffey.  Plaintiff initiated this lawsuit on June 18, 2020—nearly four and a half years after his claims accrued.  Plaintiff's claims are thus time-barred, unless he is entitled to approximately two and a half years of tolling.  Defendants concede that Plaintiff is entitled to two years of tolling under California state law because he is serving a life sentence with the possibility of parole.  But, even with the benefit of statutory tolling, Plaintiff should have filed this lawsuit by January 2, 2020.  Plaintiff may attempt to argue—as he previously did in a response to an order to show cause—that he is entitled to equitable tolling while he completed the mandatory exhaustion process.  While that is true as a general proposition, some district courts have ruled that prisoners are not entitled to "tacking" of equitable and statutory tolling statutes to bring claims within procedural compliance.

The question here is whether the periods of equitable and statutory tolling should run consecutively or concurrently.  Defendants submit that they should run concurrently.  With no apparent consensus of district court cases on point, the Court should dismiss this action as time-barred.  The dismissal, if appealed, could encourage the Ninth Circuit to resolve the existing district split.  In turn, that would provide for a more predictable legal landscape for inmate-plaintiffs, defendants, and judicial officers tasked with resolving these disputes.  A potential ruling in this case and by the Ninth Circuit would be significant, as it would bear on the ability of inmate-plaintiffs to litigate potentially stale claims many years after their accrual.

---

[1] The Attorney General's Office acknowledges the substantial contribution of summer intern Melia Chittenden (University of Virginia School of Law) in preparing this motion.

1

**PROCEDURAL HISTORY**

Plaintiff initiated this lawsuit on June 18, 2020.[2]  (ECF No. 1 at 23-24.)  He subsequently paid the filing fee.  (ECF No. 3.)  The Court then issued an order for Plaintiff to show cause why the action should not be dismissed as time-barred.  (ECF No. 14.)  In response, Plaintiff claimed he is entitled to equitable tolling for a variety of reasons, including during the time he was without his legal property, in the hospital, exhausting administrative remedies, and pursuing a seemingly unrelated lawsuit.  (ECF No. 18.)  In a text-only order, the Court subsequently noted that no further action would be taken regarding the order to show cause.  (ECF No. 20.)

On August 4, 2023, Plaintiff filed the operative Second Amended Complaint, claiming he suffered physical and emotional damages, and seeking $900,000 in compensatory and punitive damages.  (ECF No. 30 (Second Am. Compl. (SAC)).)  The Court subsequently screened the SAC and found the following cognizable claims:

1.      First Amendment retaliation against Defendant Baeza for calling Plaintiff a "snitch;"

2.      First Amendment retaliation against Defendant Gutierrez for calling Plaintiff a "snitch;"

3.      First Amendment retaliation claims against Defendants Baeza and Gutierrez for soliciting inmate McDuffey to attack Plaintiff;

4.      Eighth Amendment failure-to-protect against Defendants Baeza and Gutierrez for making disparaging remarks about Plaintiff and exposing him to a substantial risk of harm, and failing to protect him from an attack by inmate McDuffey;

5.      Eighth Amendment deliberate indifference to a serious risk of substantial harm against Defendant Valencia-Mendoza for releasing inmate McDuffey out of his cell and telling him to "finish off" Plaintiff, and failing to intervene during the assault;

---

[2] The proof of service and Complaint are dated June 18, 2020, although the Complaint was not filed on the docket until four days later.  Under the "prison mailbox rule," the lawsuit is deemed filed as of June 18, 2020.  *See Houson v. Lack*, 487 U.S. 266, 270 (1988) (timeliness of incarcerated litigants' filings are deemed filed on the date the prisoner "delivered the notice to prison authorities for forwarding to the [d]istrict [c]ourt."); *see also* ECF No. 14, fn. 1 (this Court applying the "prison mailbox rule" and finding action was commenced on June 18, 2020).

6.     Eighth Amendment failure-to-protect against Defendant Parra for allowing inmate McDuffey's attack on Plaintiff to last at least two minutes without intervening; and

7.     Civil conspiracy against Defendants Baeza, Gutierrez, and Valencia-Mendoza. (*See generally* ECF No. 31.)

The Court also noted that Defendants would be permitted to challenge Plaintiff's assertions of entitlement to equitable tolling at a later stage in the proceedings. (*Id*. at 3-4, fn. 2.) Plaintiff elected to stand on the claims that were found cognizable. (ECF No. 33, 40.) All other defendants and claims were dismissed. (ECF No. 34, 42.) Subsequently, it was recommended that Defendant Vang also be dismissed from the case. (ECF No. 68.) Defendants opted out of the post-screening ADR project (ECF No. 69), and the Court issued the case scheduling management order on July 9, 2024. (ECF No. 71.) Defendants' deadline to respond to the SAC was set to July 30, 2024. (*Id*. at 1, 3.) Instead of answering the SAC, Defendants now move to dismiss for the reasons explained in more detail in the instant motion.

**SUMMARY OF ALLEGATIONS**

The Court is already familiar with Plaintiff's allegations. (*See generally* ECF No. 31.) In short, Plaintiff claims that Defendants Baeza and Gutierrez were constantly threatening and harassing him, and actively searching for an inmate to attack Plaintiff. (*Id*.) Sometime in December 2015, Defendant Baeza performed improper cell searches while telling other inmates that Plaintiff was a "snitch," in an effort to turn the housing unit against Plaintiff and because Plaintiff was filing administrative grievances against staff members. (*Id*.) On December 1, 2015, while addressing Plaintiff, Defendant Gutierrez yelled down from the control booth into a dayroom full of inmates: "We know you drop dimes thats [sic] all you dou, youre [sic] not wanted on this yard!"[3] (*Id*.) Defendant Gutierrez then solicited inmate McDuffey and others to "ger rid of" Plaintiff, in an effort to force Plaintiff out of the housing unit. (*Id*.) Over the next days, Defendants Baeza and Gutierrez performed multiple cell searches and confiscated property items. (*Id*.) Other inmates told Plaintiff that this was all happening because of him. (*Id*.)

---

[3] "Dropping a dime" is slang for the act of informing the authorities about someone else's illegal activities.

3

Defs.' Not. Mot. and Mot. Dismiss SAC; Mem. P. & A. Supp.   (1:20-cv-00857-HBK (PC))

On December 2, 2015, Defendant Baeza made a few more statements to Plaintiff, implying he knew that Plaintiff had submitted an administrative grievance against him, and attempting to persuade him to leave the housing unit and go elsewhere.  (*Id*.)

On January 2, 2016, Defendant Valencia-Mendoza allowed inmate McDuffey out of his cell during medication pass.  (*Id*.)  Defendant Parra allowed inmate McDuffey to exit the housing unit without checking his identification card to verify that he was scheduled to receive medication. (*Id*.)  Inmate McDuffey then attacked Plaintiff while stating, "You still snitchin [sic] Mitchell." (*Id*.)  No yard or control booth officer intervened to stop the attack.  (*Id*.)  When Plaintiff re-entered the building, inmate McDuffey attacked him again while Defendants Parra and Valencia-Mendoza watched without intervening.  (*Id*.)  Eventually, Defendant Valencia-Mendoza shouted, "stop!"  (*Id*.)  Plaintiff's left eyelid was sliced open, for which he would later receive reconstructive surgery.  (*Id*.)  On January 4, 2016, Defendant Baeza went to Plaintiff's cell door and laughed about the incident, saying "[I] heard they had fun without me."  (*Id*.)

## PLAINTIFF'S SENTENCE

Plaintiff was sentenced to eighty-five years to life in prison as a "three-striker" under California law, which included twenty-five years to life for each of the three instant counts of burglary, as well as five years for each of two prior serious felony convictions (residential burglary and assault).  (*See* Req. Jud. Not (RJN), Grecea Decl. Exs. A-B; *see also* SAC at 3.)

## LEGAL STANDARD

A court may dismiss a complaint for lack of a cognizable legal theory or insufficient facts pleaded to support an otherwise cognizable legal theory. Fed. R. Civ. P. 12(b)(6); *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  On a motion to dismiss, the court generally must consider the factual allegations in the complaint "as true and . . . in the light most favorable" to the plaintiff, *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001), but it need not blindly accept conclusory allegations, unwarranted deductions of fact, and unreasonable inferences. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Ashcroft v. Iqbal*, 556 U.S.

4

662, 679 (2009).  Merely stating formulaic recitations of the elements of a cause of action is insufficient to state a claim.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007).  The claim must also rise above the level of mere speculation.  *Id*. at 555.  Specifically, for a claim to be plausible, while it does not need to be the most likely explanation, it cannot have obvious, alternative explanations.  *Id*. at 567.

A complaint is properly dismissed for failure to state a claim when the pleadings demonstrate that the claims are time-barred.  Fed. R. Civ. P. 8(c) (failure to comply with the relevant statute of limitations is an affirmative defense); *Jones v. Bock*, 549 U.S. 199, 215 (2007) ("If the allegations . . . show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim…").

## ARGUMENT

Notwithstanding the Court's decision to take no further action regarding the order to show cause why the case should not be dismissed as time-barred (ECF Nos. 14, 20), and the screening order (ECF No. 31), and out of an abundance of caution, Defendants submit the instant motion to provide briefing and challenge Plaintiff's conclusion that his claims are timely.  Preliminarily, two issues follow:  the accrual date and the calculation of the statute of limitations.

### I.   PLAINTIFF'S CLAIMS ACCRUED ON JANUARY 2, 2016.

Federal law determines when a civil rights claim brought pursuant to 42 U.S.C. § 1983 accrues.  *Wallace v. Kato*, 549 U.S. 384, 388 (2007) ("[T]he accrual date of a § 1983 cause of action is a question of federal law that is *not* resolved by reference to state law."); *Western Ctr. for Journalism v. Cederquist*, 235 F.3d 1153, 1156 (9th Cir. 2000) ("While the statute of limitations period is derived from state law, federal law determines when the statute of limitations period accrues.").  Pursuant to "federal rules conforming in general to common-law tort principles[,]" "it is the standard rule that accrual occurs when the plaintiff has a complete and present cause of action, that is, when the plaintiff can file suit and obtain relief."  *Wallace*, 549 U.S. at 388 (internal quotation marks, brackets, and citations omitted).  Put differently, "[u]nder federal law, a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action."  *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999).

5

In this case, Plaintiff's claims are predicated on an inmate assault that occurred on January 2, 2016. (*See* SAC; *see also* ECF No. 14 at 1 ("Plaintiff's allegations exclusively involve events that occurred no later than January 2, 2016."). Further, Plaintiff acknowledges the "date of the incident was 1/2/16." (ECF No. 18 at 3.) Thus, Plaintiff's claims were complete, and accrued, on January 2, 2016. *See Belanus v. Clark*, 796 F.3d 1021, 1025 (9th Cir. 2015) (stating that, "an action ordinarily accrues on the date of the injury.") (citation and internal brackets omitted).

## II. PLAINTIFF HAD FOUR YEARS TO BRING HIS CLAIMS.

No statute of limitations is set out in 42 U.S.C. § 1983. Instead, the statute of limitations for § 1983 actions is dictated "by the forum state's statute of limitations for personal injury actions," which is two years in California. *Whiting v. City of Cathedral City*, 735 F. App'x 927, 928 (9th Cir. 2018); Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004); Cal. Code Civ. Proc. § 335.1. California Code of Civil Procedure § 352.1(a) provides an additional two years to file from when the cause of action accrues for those imprisoned "for a term less than for life."

Here, Plaintiff is serving a life sentence with the possibility of parole. (*See* RJN, Grecea Decl. Exs. A-B.) Consequently, he had until January 2, 2020, or a total of four years—two years for personal injury claims plus the two-year statutory tolling period due to his incarceration—to bring this lawsuit after his claims accrued. Instead, he filed this lawsuit on June 18, 2020—nearly four-and-a-half months after the statute of limitations expired. Therefore, unless additional tolling applies, Plaintiff's claims are barred by the statute of limitations.

## III. PLAINTIFF IS NOT ENTITLED TO ADDITIONAL TOLLING WHILE HE PURSUED ADMINISTRATIVE REMEDIES.

Plaintiff claims that administrative grievance COR-16-00677 exhausted his claims against Defendants. (*See* ECF No. 18 at 10-14.) Although Plaintiff first submitted the grievance to the First Level of Review on January 27, 2016 (*id*. at 10), he did not receive a final response from the Third Level of Review until September 12, 2017—over a year and a half later. (*Id*. at 13-14 (showing the Third Level of Review is dated September 8, 2017); 3 (alleging that "the [Third Level of Review] response was not given to [him] until on or about 9/12/17.")).

6

1    Defendants concede that, as a general principle, inmates are entitled to equitable tolling

2    while they exhaust administrative remedies.  *See, e.g.*, *Brown v. Valoff*, 422 F.3d 926, 943 (9th

3    Cir. 2005) ("[T]he applicable statute of limitations must be tolled while a prisoner completes the

4    mandatory exhaustion process."); *McDonald v. Antelope Valley Cmty. Coll. Dist.*, 45 Cal. 4th 88,

5    101 (2008) (quoting *Elkins v. Derby*, 12 Cal. 3d 410, 414 (1974)) ("Where exhaustion of an

6    administrative remedy is mandatory prior to filing suit, equitable tolling is automatic: 'It has long

7    been settled in this and other jurisdictions that whenever the exhaustion of administrative

8    remedies is a prerequisite to the initiation of a civil action, the running of the limitations period is

9    tolled during the time consumed by the administrative proceeding.'").  However, the issue here is

10   not whether Plaintiff is entitled to equitable tolling while exhausting administrative remedies.

11   Rather, the focus is on whether he can benefit from a consecutive, "tacking"-like application of

12   equitable and statutory tolling to bring his claims within compliance.

13

14        **A.    District Courts Are Split Regarding the Application of Tolling While a
               Prisoner Exhaust Administrative Remedies.**

15        At the outset, Defendants note that there is currently no binding authority on whether

16   equitable tolling while a prisoner pursues administrative remedies runs concurrently or

17   consecutively to the two-year statutory tolling provided based on incarceration, and there is a split

18   among the district courts that have considered the matter.  Simply put, if Plaintiff is entitled to

19   *consecutive* tolling, his claims are timely.  If, on the other hand, he is entitled to *concurrent*

20   tolling, his claims are untimely.  Judicial officers in California's federal districts have considered

21   this distinction and reached different conclusions.

22        In *Stevenson v. Holland*, No. 1:16-cv-01831-AWI (SKO), 2017 WL 2958731, at *4-6 (E.D.

23   Cal. Jul 11, 2017) (bracketed alterations in original) (footnotes omitted), the court summarized

24   the applicable tolling rules and the rationale behind *consecutive* tolling, as follows:

25

26        After a claim has accrued, California law may operate to toll the running of the
          limitations period.  Such is the case when a plaintiff is incarcerated for a term less
27        than life; California Code of Civil Procedure § 352.1 tolls the statute of limitations for
          up to two years.  The tolling ends at the first of (1) release from custody or (2) two

28

---

7

1    years of tolling.  *Cabrera v. City of Huntington Park*, 159 F.3d 374, 378-379 (9th Cir. 1998).

2

3    In addition to the statutory tolling afforded under California law, federal courts in California also apply California's equitable tolling rules in Section 1983 actions. *Cervantez v. City of San Diego*, 5 F.3d 1273, 1275 (9th Cir. 1993).  Under California

4    law, "the effect of equitable tolling is that the limitations period stops running during the tolling event, and begins to run again only when the tolling event has concluded.

5    As a consequence, the tolled interval, no matter when it took place, is tacked onto the end of the limitations period...."  *Lantzy v. Centex Homes*, 31 Cal.4th 363, 370-371, 2

6    Cal.Rptr.3d 655, 73 P.3d 517 (2003), modified (Aug. 27, 2009).  California's judge-made doctrine of equitable tolling allows tolling of a claim where alternative relief

7    was sought prior to filing suit upon a showing of: (1) "timely notice" of the first claim for relief to the defendants; (2) "lack of prejudice[ ] to the defendant[s]"; and (3)

8    "reasonable and good faith conduct on the part of the plaintiff."  *McDonald v. Antelope Valley Comm. College Dist.*, 45 Cal. 4th 88, 102, 84 Cal.Rptr.3d 734, 194

9    P.3d 1026 (2008); *accord Cervantes*, 5 F.3d at 1275; *Thomas v. Gilliand*, 95 Cal. App. 4th 427, 434, 115 Cal.Rptr.2d 520 (Cal. Ct. App. 2002); *see Elkins v. Derby*, 12

10   Cal. 3d 410, 414, 115 Cal.Rptr. 641, 525 P.2d 81 (1974) (en banc) (Equitable tolling applies "when an injured person has several legal remedies and, reasonably and in

11   good faith, pursues one.")  The Prison Litigation Reform Act ("PLRA") requires a prisoner to exhaust remedies within the prison grievance system before filing a

12   related Section 1983 action.  42 U.S.C. § 1997e(a).  Filing of a prisoner grievance can place the defendants on notice of the claim.  Running of the limitations period "must

13   be tolled" during the pendency of the exhaustion process.  *Brown v. Valoff*, 422 F.3d 926, 943 (9th Cir. 2005); *Donoghue v. Orange County*, 848 F.2d 926, 930-931 (9th

14   Cir. 1988)...

15   . . .

16   Most of the district courts that have permitted equitable tolling in addition to statutory tolling when the tolling events overlap have relied upon language from *Lantzy*:

17   "[e]quitable tolling under California law operates independently of the literal wording of the [California] Code of Civil Procedure to suspend or extend a statute of

18   limitations as necessary to ensure fundamental practicality and fairness."  *E.g.*, *Carranza v. Lewis*, 2017 WL 1050538, *17-18 (N.D. Cal. Mar. 17, 2017); *Beard v.*

19   *Pennington*, 2015 WL 7293652, *6-7 (N.D. Cal. Nov. 19, 2015); *Burns v. Crook*, 2008 WL 5103183, *3 (S.D. Cal. Dec. 3, 2008).  Those courts have read California

20   law regarding equitable tolling to require tacking of additional time (beyond the statutory tolling period) to the end of a limitations period when an equitable tolling

21   event occurs during a period of statutory tolling.  *Carranza*, 2017 WL 1050538 at *18 ("[N]o matter when [the equitable tolling event] took place, [the duration of the

22   equitable tolling event] is tacked onto the end of the limitations period."); *Akhtar v. Mesa*, 2014 WL 1922576, *7-8 (E.D. Cal. May 14, 2014); (applying tolling for the

23   duration of the prison exhaustion process and statutory tolling to a prisoner's claim to extend the limitations period beyond four years); *Dawkins v. Woodford*, 2012 WL

24   554371, *5 (S.D. Cal. Feb. 21, 2012) (same); *Crayton v. Hedgpeth*, 2011 WL 1988450, *9 (E. D Cal. May 20, 2011) (same); *Burns*, 2008 WL 5103183 at *3

25   (same); *see also Adler*, 2013 WL 3481584 at *5 (assuming without deciding that the plaintiff could receive the benefit of equitable and statutory tolling even when the

26   tolling events overlap in time).

27

28

8

The district courts that have declined to apply equitable tolling in addition to statutory tolling when the equitable tolling event overlaps with the period of statutory tolling have relied upon (1) the "common sense" explanation that "when two or more reasons for tolling exist" during the same period that those reasons "will toll concurrently during the time they are both active, and are not tacked consecutively, one upon the other," and (2) *Rose v. Petaluma & S.R. Ry. Co.* for the proposition that separate periods of disability cannot be tacked. *Lopez v. Schwarzenegger*, 2012 WL 78377, *5 (E.D. Cal. Jan. 10, 2012); accord *Oliver v. McDaniel*, 2016 WL 4535389, *3 (C.D. Cal. June 2, 2016); see also *Martin v. Biaggini*, 2015 WL 1399240, *4 (N.D. Cal. Mar. 26, 2015) (identifying that *Rose* and *Lantzy* are both inapt analogs but agreeing that overlapping reasons for tolling should result in only a single period of tolling).

The *Stevenson* court ultimately held that:

[t]he former camp's reasoning is most consistent with Ninth Circuit authority on tolling pending exhaustion of administrative relief. *Brown v. Valoff*, 422 F.3d at 943 (tolling the limitations period during the administrative exhaustion process without regard to statutory tolling); *see Elmore v. Arong*, 2010 WL 366628, *2 (E.D. Cal. Jan. 26, 2010). Application of statutory and equitable tolling consecutively is also more consistent with the mandate of California law to tack time to the end of the limitations period for equitable tolling. *See <u>Lantzy</u>*, 31 Cal. 4th at 370-371, 2 Cal.Rptr.3d 655, 73 P.3d 517.

*Id.* at *6.

A number of district courts, applying California law, have held that a "plaintiff cannot extend the two-year statutorily-recognized disability of imprisonment [under Code of Civil Procedure section 352.1] by the time it took to exhaust," if the exhaustion period overlaps with the two-year tolling period. *Gutierrez v. Butler*, No. 06-cv-02684-LKK (EFB), 2008 WL 436948, at *3 (E.D. Cal. Feb. 14, 2008), *report and recommendation adopted*, 2008 WL 795006 (E.D. Cal. Mar. 25, 2008).[4]  Common sense indicates that a plaintiff cannot "double-count" the time for which he is entitled to tolling simply because two tolling events (exhaustion and the "disability" of imprisonment) were present. *See Reece v. Basi*, No. 2:11-cv-2712-GEB (AC), 2013 WL 1339048, at *8 (E.D. Cal. Apr. 3, 2013) (because the statute of limitations was not running when the plaintiff exhausted, there was "nothing to be tolled" by the exhaustion process); *see also Wilkins v. Vancott*, No. 17-cv-00340-YGR, 2018 WL 3763316 (N.D. Cal. Aug. 7, 2018) (two periods run concurrently); *Turner v. Cate*, No. 15-cv-00109-JVS (AFR), 2016 WL 11517023, at *4 (C.D. Cal. Jul. 22, 2016), *report and recommendation adopted*, 2016 WL 11516753 (C.D. Cal.

---

[4] In accordance with Local Rule 133(i)(3)(ii), copies of unpublished opinions cited in this memorandum have been served on Plaintiff.

9

Aug. 30, 2016) (reaching a similar conclusion); *Lopez v. Schwarzenegger*, No. 09-cv-1760-MCE (GGH), 2012 WL 78377, at *5 (E.D. Cal. Jan. 9, 2012) (same); *but see Crane v. Rodriguez*, No. 2:15-cv-0208-TLN (KJN), 2023 WL 113773, at *5 (E.D. Cal. Jan. 5, 2023), *report and recommendation adopted*, 2023 WL 2666709 (E.D. Cal. Mar. 28, 2023) (concluding that the period during the plaintiff was exhausting his administrative remedies should be tolled and tacked onto the statutory tolling period); *Rodriguez v. Albonico*, No. 2:19-cv-1108-MCE (AC), 2022 WL 4096085, at *6 (E.D. Cal. Sept. 7, 2022), *report and recommendation adopted*, 2023 WL 2166778 (E.D. Cal. Feb. 22, 2023) (adopting the reasoning set forth in *Stevenson*); *Johnson v. Frauenheim*, No. 1:18-cv-01477-AWI (BAM), 2020 WL 1492674, at *15 (E.D. Cal. Mar. 27, 2020) (recommending dismissal because tolling was not consecutive), *declining to adopt report and recommendation*, 2020 WL 4890297 (E.D. Cal. Aug. 20, 2020); *Harris v. German*, No. 1:15-cv-01462-GSA, 2017 WL 1881388, at *4 (E.D. Cal. May 9, 2017) (concluding that the limitations period was separately tolled while the plaintiff exhausted administrative remedies).

The *Reece* and *Gutierrez* line of cases is consistent with California law, though there is no published decision directly on point.[5]  In *Lantzy v. Centex Homes*, 31 Cal. 4th 363, 370, *as modified* (Aug. 27, 2003) the California Supreme Court reasoned that the "limitations period stops running during the tolling event, and begins to run again only when the tolling event has concluded."  This language suggests that the tolling stops the clock, regardless of whether one or two tolling events occur during the same period.  And another court noted the "settled rule of construction" that "a succession of disabilities cannot be tacked upon the first disability so as to prevent the operation of the statute."  *Rose v. Petaluma & S.R. Ry. Co.*, 64 Cal. App. 213, 217 (Cal. Ct. App. 1923), *disapproved of on other grounds by Harris v. Indus. Acc. Comm'n of Cal.*, 204 Cal. 432, 434 (1928).  Thus, in general, a single time period cannot be counted more than once for tolling purposes.

The issue of double-counting makes logical sense, especially if the purpose of Cal. Code Civ. Proc § 352.1(a) is to afford inmates additional time to bring claims in light of certain barriers

---

[5] The district court did not adopt the *Reece* recommendation because the plaintiff in that case was a life prisoner entitled to additional tolling.  However, the district court's reasoning does not undermine the analysis of the concurrent tolling issue.

to litigation they may face in prison (*e.g.*: restricted access to law libraries and the requirement that they exhaust administrative remedies).  That is, if inmate-plaintiffs are able to exhaust their administrative remedies within the extra two-year period afforded under § 352.1(a), they should not also be entitled to tolling beyond that.  *Lopez* provides support for this rationale:

> Moreover, the undersigned can find no authority which would legitimately distinguish principles of tolling of limitations periods in prisoner cases from tolling in any other type of litigation. That is, when two or more reasons for tolling exist, common sense requires the conclusion that those reasons will toll concurrently during the time they are both active, and are not tacked consecutively, one on top of another, to extend the limitations period.

*Lopez*, 2012 WL 78377, at *5.

**B.    The Court Should Apply *Concurrent*, Not *Consecutive* Tolling Here.**

Plaintiff's efforts to exhaust concluded within the first two years after his claims accrued, during which the limitations period was tolled by virtue of his imprisonment.  Cal. Code Civ. Proc. § 352.1.  His administrative grievance regarding the issues raised in the SAC was resolved in September 2017, less than two years after the events of January 2, 2016.  Therefore, Plaintiff is not entitled to any additional tolling.  *See Lopez*, 2012 WL 78377, at *5, *report and recommendation adopted*, No. 2012 WL 671680 ("If one's exhaustion of prison remedies starts and finishes totally within the two year tolling period, the exhaustion reason for tolling becomes irrelevant.").

Plaintiff provides no logical explanation (at least not an explanation that has any legal consequence to his equitable tolling argument) as to why he waited nearly three years—from September 2017 (when he acknowledges he received the Third Level of Review decision on his grievance), to June 2020, to file the instant lawsuit.[6]  This prolonged, unexplained delay highlights the inherent issue in applying a *consecutive* approach to the statute of limitations.  Plaintiff admits he submitted his grievance for review on March 29, 2016, and did not receive a response until September 12, 2017.  (ECF No. 18 at 3.)  However, regulations in effect at the time

---

[6] Plaintiff was litigating at least one other lawsuit during the time he claims he is entitled to tolling.  *See, e.g.*, *Mitchell v. Davey*, No. 1:16-cv-1148-DAD (EPG) (E.D. Cal.) (commenced in August 2016 and litigated through October 2020); *Mitchell v. Haviland*, No. 2:09-cv-3012-RCJ (E.D. Cal.) (commenced in 2009 and litigated through jury trial at the end of 2015, and appellate proceedings in 2016-18).

1    required Third Level of Review responses to be "completed within [sixty] working days from the

2    date of receipt by the third level Appeals Chief."  *See* Cal. Code Regs. tit. 15, § 3084.8(c)(3)

3    (2017) (updated through Jan. 1, 2017).  As such, Plaintiff should have expected a response by

4    June 29, 2016.  Presumably, once more than sixty working days had passed without any response,

5    Plaintiff could have filed this lawsuit and argued that administrative remedies were effectively

6    unavailable to him.  Instead, he waited until June 2020—nearly three years after receiving his

7    Third Level of Review response—to file suit.  He now wants this Court to apply tolling in a

8    manner that would essentially excuse his sleeping on his rights on two separate occasions—first,

9    after submitting his grievance to the Third Level of Review and second, after delaying the filing

10   of this lawsuit for nearly three years after receiving the decision from the Third Level of Review.

11       Applying *consecutive* tolling leads to an anomalous result wherein inmate-plaintiffs can

12   choose to delay filing lawsuits.  The judge-made tolling afforded during the time that inmates

13   exhaust administrative remedies contradicts, at least facially, the statutory intent behind

14   California's tolling provisions.  In other words, if exhaustion of administrative remedies tolls the

15   initial two-year limitation period for one-and-a-half years (i.e.: original submission of grievance

16   in January 2016, and final decision in September 2017), as is the case here, the fact that Plaintiff

17   receives two additional years of statutory tolling under California Code of Civil Procedure §

18   352.1(a), is beside the point.  Such tolling not only appears to swallow the statutory intent behind

19   § 352.1(a), but it simultaneously enables savvy inmates to avail themselves of extensive delays in

20   the processing of their grievances to bring late claims.  Whatever fairness equitable tolling seeks

21   to provide to inmate-plaintiffs, it takes away from defendants who are forced to stand suit and

22   respond to allegations that, as here, are based on events which occurred more than eight-and-a-

23   half years ago.

24   **IV.   LEAVE TO AMEND SHOULD NOT BE GRANTED.**

25       For the reasons identified in this motion, and irrespective of how Plaintiff frames his

26   allegations, his claims fail as time-barred.  Consequently, amendment would be futile and

27   dismissal of the complaint should be with prejudice.  *See Seera v. Lappin*, 600 F.3d 1191, 1200

28   (9th Cir. 2010); *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (while a court should

12

liberally grant leave to amend a dismissed complaint, it need not do so if the deficiency cannot be cured by amendment).  Further, the dismissal should explicitly count as a strike under the Prison Litigation Reform Act.  *See Belanus*, 796 F.3d 1021 (9th Cir. 2015); 28 U.S.C. § 1915(g).

### CONCLUSION

The Court should dismiss this lawsuit as barred by the statute of limitations.

Dated:  July 30, 2024                                   Respectfully submitted,

ROB BONTA
Attorney General of California
JOANNA B. HOOD
Supervising Deputy Attorney General


*/s/ Neculai Grecea*
NECULAI GRECEA
Deputy Attorney General
*Attorneys for Defendants*
*H. Baeza, J. Valencia-Mendoza, C.*
*Gutierrez, and A. Parra*

SA2024301041

---

Defs.' Not. Mot. and Mot. Dismiss SAC; Mem. P. & A. Supp.  (1:20-cv-00857-HBK (PC))

# CERTIFICATE OF SERVICE

Case Name:   **John E. Mitchell (H38255) v.**      No.   **1:20-cv-00857-HBK (PC)**
                    **Baeza, et al.**

I hereby certify that on <u>July 30, 2024</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS SECOND AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**

Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar at which member's direction this service is made.  I am 18 years of age or older and not a party to this matter.  I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service.  In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service with postage thereon fully prepaid that same day in the ordinary course of business.

I further certify that some of the participants in the case are not registered CM/ECF users.  On <u>July 30, 2024</u>, I have caused to be mailed in the Office of the Attorney General's internal mail system, the foregoing document(s) along with the following unpublished cases:

1. *Gutierrez v. Butler 1, Not Reported in F.Supp.2d (2008)*
2. *Gutierrez v. Butler 2, Not Reported in F.Supp.2d (2008)*
3. *Reece v. Basi, Not Reported in F.Supp.2d (2013)*
4. *Wilkins v. Vancott, Not Reported in Fed. Supp. (2018)*
5. *Turner v. Cate 1, Not Reported in Fed. Supp. (2016)*
6. *Turner v. Cate 2, Not Reported in Fed. Supp. (2016)*
7. *Lopez v. Schwarzenegger, Not Reported in F.Supp.2d (2012)*
8. *Crane v. Rodriguez 1, Not Reported in Fed. Supp. (2023)*
9. *Crane v. Rodriguez 2, Not Reported in Fed. Supp. (2023)*
10. *Rodriguez v. Albonico 1, Not Reported in Fed. Supp. (2022)*
11. *Rodriguez v. Albonico 2, Not Reported in Fed. Supp. (2023)*
12. *Johnson v. Frauenheim 1, Not Reported in Fed. Supp. (2020)*
13. *Johnson v. Frauenheim 2, Not Reported in Fed. Supp. (2020)*
14. *Harris v. German, Not Reported in Fed. Supp. (2017)*

by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within three (3) calendar days to the following non-CM/ECF participants:

# CERTIFICATE OF SERVICE

Case Name: **John E. Mitchell (H38255) v.**      No.    **1:20-cv-00857-HBK (PC)**
                 **Baeza, et al.**

John Edward Mitchell
H38255
Mule Creek State Prison
P.O. Box 409099
Ione, CA 95640
*In Pro Per*

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on <u>July 30, 2024</u>, at Los Angeles, California.

| | |
|---|---|
| J. Sissov | */s/ J. Sissov* |
| Declarant | Signature |

SA2024301041