UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN EDWARD MITCHELL,<br><br>Plaintiff,<br><br>v.<br><br>H. BAEZA, C. GUTIERREZ, J. VALENCIA-MENDOZA, A. PARRA, VANG, and MCDUFFY,<br><br>Defendant. | Case No. 1:20-cv-00857-KES-HBK (PC)<br><br>ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR MISCELLANEOUS RELIEF DIRECTING DEFENDANTS TO PROPOSE INTER-INMATE DISCOVERY<br><br>(Doc. No. 72) |

Pending before the Court is Plaintiff's pleading titled "Request to Expand the Case Management Scheduling Order," filed July 22, 2024. (Doc. No. 72, "Motion"). Defendants filed an Opposition. (Doc. No. 73). In the Motion, Plaintiff asks the Court to modify the Case Management Scheduling Order ("CMSO") to include interrogatories and to extend the discovery cutoff an unspecified amount of time beyond April 7, 2025. (*Id*. at 1). Plaintiff also requests "another certified/verified copy of the Complaint with another summons" be sent to Defendant McDuffey and "a[n] order directed at the Warden and/or mailroom at Mule Creek State Prison that allow the plaintiff to correspond with inmate McDuffy [sic]. . ." (Doc. No. 72 at 2). For reasons set forth below, the Court grants in part and denies in part Plaintiff's Motion.

Defendants Oppose Plaintiff's request in part, acknowledging that the Court's July 9, 2024 CMSO is silent regarding interrogatories and that "[t]o the extent this was a clerical

1

oversight, the Court can clarify its instructions regarding interrogatories in a minute order." (Doc. No. 73 at 1-2). Indeed, the Court will grant Plaintiff's Motion to the extent it will issue an amended CMSO that includes instructions regarding interrogatories. Defendants, however, oppose any extension of time to the discovery deadline because "it is unclear why an extension of the existing and already generous discovery cutoff deadline is necessary at this time." (*Id*. at 2). The Court agrees. Plaintiff has not given any reason why discovery cannot be completed in the next eight months and the Court will therefore deny his request for an extension of time to the discovery deadline as premature.

Defendants also oppose Plaintiff's request that the Clerk of Court be ordered to issue another certified copy of the Complaint and a summons to inmate McDuffey. (*Id*. at 2). Defendants point out that McDuffey was personally served on April 15, 2024, therefore no further service of a summons and the operative Complaint on McDuffey is necessary. (*Id*.). Again, the Court agrees and will deny Plaintiff's request.

Finally, Defendants oppose Plaintiff's request that the Court order the Warden of Mule Creek State Prison ("MSCP") and its mail room staff to allow him to correspond directly with inmate McDuffey. (*Id*.). As Defendants point out, CDCR has specific regulations governing communications between inmates, which are in place to ensure institutional safety and order. (*Id*.). To correspond with another inmate in a California state prison, inmates must obtain prior written authorization from prison officials. Cal. Code Regs. tit. 15 § 3139. Plaintiff requests the Court intervene and issue an order to the MCSP Warden to grant this privilege, however "prison administrators . . . , and not the courts, [are] to make the difficult judgments concerning institutional operations." *Jones v. North Carolina Prisoners' Union*, 433 U.S. 119, 128 (1977). This Court will not inject itself directly into administrative decisions within the purview of prison administrators.

However, given that Plaintiff will likely need to communicate with Inmate McDuffey in some capacity to conduct discovery concerning his Bane Act claim, the Court directs Defendants to submit to the Court a proposal for doing so in a way that respects CDCR's institutional needs while enabling Plaintiff to adequately prosecute his case.

Accordingly, it is **ORDERED**:

1. Plaintiff's Motion for Administrative Relief (Doc. No. 72) is **GRANTED** in part and **DENIED** in part as set forth herein.
2. The Court will issue an amended Case Management Scheduling Order in due course that includes instructions for propounding interrogatories.
3. Within twenty-one (21) days of this Order, Defendants are directed to submit to the Court a proposal for how Plaintiff may propound discovery on Inmate DeAndre McDuffey (# AR 9722) related to his Bane Act claim against McDuffey, in a manner that accords with CDCR's institutional security.

Dated: August 1, 2024

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE