UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN EDWARD MITCHELL,<br><br>Plaintiff,<br><br>v.<br><br>H. BAEZA, J. VALENCIA-MENDOZA, C. GUTIERREZ, A. PARRA and MCDUFFEY,<br><br>Defendants. | Case No. 1:20-cv-00857-KES-HBK (PC)<br><br>ORDER GRANTING DEFENDANTS' MOTION TO STAY CASE MANAGEMENT SCHEDULING ORDER<br><br>(Doc. No. 76) |

Pending before the Court is Defendants' Motion to Stay, filed July 30, 2024. (Doc. No. 76, "Motion"). In the instant Motion, the Defendants asks the Court for a stay of the deadlines in the Case Management Scheduling Order issued on July 9, 2024 (Doc. No. 71) and to be excused from responding to written discovery already served by Plaintiff until the Court resolves Defendants' Motion to Dismiss filed on July 30, 2024 (Doc. No. 74). Defendants contend that staying the case and all discovery pending the court's ruling on Defendant's dispositive motion will conserve the parties' and Court's resources, and that no prejudice to Plaintiff will result from any resulting delay. (Doc. No. 76 at 4). Plaintiff timely filed an Opposition (Doc. No. 80), and Defendants filed a Reply (Doc. No. 82). For reasons set forth below, the Court will grant Defendants' Motion.

A federal court enjoys "broad discretion to stay proceedings as an incident to its power to

control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997).  And magistrate judges have broad discretion to stay discovery pending decisions on dispositive motions.  *Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550 (11th Cir. 1985); *see also Scroggins v. Air Cargo, Inc.*, 534 F.2d 1124, 1133 (5th Cir. 1976).  The court may, for example, stay discovery when it is convinced that a plaintiff will be unable to state a claim for relief or if the action is moot.  *B.R.S. Land Investors v. United States*, 596 F.2d 353, 356 (9th Cir.1979); *Wood v. McEwen*, 644 F.2d 797, 801 (9th Cir. 1981), cert. denied, 455 U.S. 942 (1982).

The Court applies a two-part test to evaluate the need for discovery while a potentially dispositive motion is pending.[1]  *Pacific Lumber Co. v. Nat'l Union of Fire Ins. Co. of Pittsburg, PA*, 220 F.R.D. 349, 351-52 (N.D. Cal. 2003); *Mlejnecky v. Olympus Imaging Am., Inc.*, 2011 WL 489743, at *6 (E.D. Cal. Feb. 7, 2011).  First, the "pending motion must be potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is directed." *Pacific Lumber*, 220 F.R.D. at 352.  Second, "the court must determine whether the pending dispositive motion can be decided absent additional discovery." *Id*.  Here, both prongs are satisfied.  The pending motion to dismiss would be dispositive of the entire case as it contends that Plaintiff's claims are barred by the applicable statute of limitations.  (*See generally* Doc. No. 74).  And based on a review of the briefing submitted, no further discovery is needed to decide the pending motion to dismiss because the facts regarding the timing of Plaintiff's lawsuit and his exhaustion of administrative remedies are undisputed.  (*See* Doc. Nos. 74, 81).

Plaintiff's brief and Opposition does not articulate any reason to deny the stay, asserting only that "the Honorable Court has already made a determination that the claims are not time barred and found that the Complaint was timely under all circumstances."  (Doc. No. 80 at 1). The Court explicitly made no such finding, noting in its screening order of Plaintiff's Second

---

[1] Defendants cite to *Landis v. North American Co.*, 299 U.S. 248 (1936) as setting forth the standard governing motions to stay.  However, a *Landis* stay seeks a stay pending the outcome of a related court proceeding.  See, e.g., Lockyer v. Mirant Corp., 398 F.3d 1098, 1100 (9th Cir. 2005) (reviewing the district court's stay, under *Landis*, of a Clayton Act claim against defendants in the Northern District of California pending resolution of defendants' Chapter 11 petitions in a Texas bankruptcy court).  Here, the stay is based on the resolution of a pending motion in this proceeding and thus is governed by a different, and arguably less stringent standard.

Amended Complaint ("SAC"), "[a]t this stage, the Court will not rule on the timeliness of Plaintiff's SAC.  Taking the assertions in Plaintiff's Response to the Court's OSC as true, (Doc. No. 18), he *might* be entitled to equitable tolling that would make his SAC timely.  If appropriate, Defendants may challenge those assertions at a later stage of these proceedings." (Doc. No. 31 at 3-4, n. 2) (emphasis added).  Thus, the Court finds good cause exists to grant the stay as it serves the interests of judicial economy and avoids unnecessary effort and expense by the parties.

Accordingly, it is **ORDERED**:

1. Defendants' Motion to Stay (Doc. No. 76) is **GRANTED to the extent set forth herein**.
2. All deadlines in the Court's Case Management Scheduling Order (Doc. No. 71) are **STAYED** pending the Court's ruling on Defendants' Motion to Dismiss.
3. Defendants are excused from responding to pending written discovery served by Plaintiff until further order of the Court.
4. The Court continues the stay of its Order Granting in Part Plaintiff's Motion for Miscellaneous Relief (Doc. No. 77), which directed Defendants to propose a means to conduct inter-inmate discovery.

Dated:   August 21, 2024

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE