John E. Mitchell - H-38255
MCSP 0-7-134
P.O. Box 409040
Ione, Ca. 95640

FILED
DEC 02 2024
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA
FRESNO DIVISION

John E. Mitchell
    Plaintiff
Vs
H. BAEZA et al.
    Defendant[s]

Case # 1:20-cv-00857-KES-HBK
Objections to Magistrate Judge's Findings and Recommendations

The plaintiff John E. Mitchell hereby submits the following objections to the Magistrate Judges Findings and recommendations recommending the "case be dismissed with prejudice and the dismissal qualify as a strike under 28 U.S.C. § 1915(g)" on Nov. 18, 2024, The Courts order was recieved by the plaintiff on 11/20/24.

OBJECTION #1. The Honorable Court ordered on 3/15/21 the plaintiff to show-Cause "WHY THIS ACTION IS NOT BARRED BY THE STATUTE OF LIMITATIONS" and thereafter on 4/12/21 the plaintiff submitted documents in support of his listing of events and dates that show that he timely filed the Complaint useing equitable tolling and/or statutory tolling consecutively, timely. Even applying the concurrent tolling the Honorable Court may find that he made a showing of

1. of 3.

timelyness because most of the delay was due to the C.D.C.R.'s withholding the operative CDC 602's # COR-16-00677 for over a year and a half later with no 'plausible justification' as to why there was no responses, surely there must be some consequence of the statutory time under the California Code of Regulation governing that response time. The plaintiff re-submits his response to the Courts order to show cause wherein the sequence of events is documented and within that document there are facts that show under McDonald, 45 Cal. 4th at 102 the second and third factors *FN.1* should be found to actually favor the need to apply equitable tolling in this case because the defendants would not be prejudiced as the CDCR is most at fault for the delay and it was the tenacity and diligence exercised by the plaintiff to accurately document ALL the dates with supporting documents in the form of CDCR 22 inmate request forms wherein he repeatedly from prison to prison, day after day requested responses to the operative CDC 602 and or his legal property was need to assert his Civil Rights in §1983 Civil Complaints truthfully under the penalty of perjury, had he not waited until the prisons produced his legal property he may have submitted "piecemeal guesswork", the actions of the plaintiff post-Exhaustion of tolling were "reasonable and in good faith". In addition the Court failed to consider the plaintiffs time tolled under Mitchell v. Davey (Doc. No. 18 at 4 § 6) wherein he used the 'relate back' under F.R.Civ.P. 15(c)? doctrine.

OBJECTION #2 - The District Courts agregious use of "Spit decisions within the district court" regarding the application of tolling while a prisoner "Exhaust Administrative

---

FN.1  See Fink v. Shedler 192 F.3d 911, 916 (9th Cir. 1999)

2. of 3.
Page Number

CV-127 (09/09)   PLEADING PAGE FOR A SUBSEQUENT DOCUMENT

Remedies shocks the conscience because had the plaintiff NOT exhausted ALL administrative remedies before filing the §1983 Civil Rights Complaint the Court and or the defense would have dismissed and given him a strike under the Prisoners Litigation Reform Act. The 9th Circuit Court of Appeals under Brown v. Valoff 422 F.3d 926 (9th Cir. 2005) and Under The United States Supreme Court "Proper exhaustion of administrative remedies... means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits.")  This was thought to be law.

OBJECTION #3  The District Courts adoption that it will Apply Concurrent, Not Consecutive tolling here violates the plaintiffs 1st Amendment U.S. Constitutional Rights and the Courts Finding and Recommendations to dismiss both his state and federal Claims is an prejudicial error. The Court should Find that applying statutory and equitable tolling Consecutively is proper and is warranted under the circumstances of this Case, however the plaintiff beliefs that if the Honorable Court review plaintiffs response to the Courts initial Order to show Cause it may find that the plaintiff did not miss any deadlines "by 24 days" and may, in fact made a showing that no tolling is necessary in this case as a result of the plaintiffs diligence.

Date: 11/26/24
Signature: John M Achill
John E. M Achill

3 of 3.

# PROOF OF SERVICE BY MAIL

## BY PERSON IN STATE CUSTODY

(Fed. R. Civ. P. 5; 28 U.S.C. § 1746)

I, John F Mitchell, declare:

I am over 18 years of age and a party to this action. I am a resident of Mule Creek State Prison,

in the county of ~~B-7-134~~ Amador,

State of California. My prison address is: B-7-134, P.O. Box 409040, Ione, Ca. 95640.

On 11/21/24 (DATE),

I served the attached: Objections to Magistrate Judges finding and Recommendations. (DESCRIBE DOCUMENT)

on the parties herein by placing true and correct copies thereof, enclosed in a sealed envelope, with postage thereon fully paid, in the United States Mail in a deposit box so provided at the above-named correctional institution in which I am presently confined. The envelope was addressed as follows:

United States District Court
Eastern District of California
Office of The Clerk
2500 Tulare St. Rm 1501
Fresno, California 93721-2201

U.S. Dept. of Justice
Deputy Attorney General Ryan Zalinsky ~~Misbrosen~~
300 South Spring St, Ste 1702
Los Angeles, Ca. 90013-1230

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on 11/26/24 (DATE)

(DECLARANT'S SIGNATURE)

Civ-69 (Rev. 9/97)                                                        ::ODMA\PCDOCS\WORDPERFECT\22832\1

-9-