UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN E. MITCHELL,<br><br>            Plaintiff,<br><br>     v.<br><br>H. BAEZA, et al.,<br><br>            Defendants. | Case No. 1:20-cv-00857-KES-HBK (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND GRANTING DEFENDANTS' MOTION TO DISMISS<br><br>Docs. 74, 87 |

Plaintiff John E. Mitchell is a state prisoner proceeding pro se on his second amended complaint ("SAC") filed pursuant to 42 U.S.C. § 1983.  Doc. 30.  The matter was referred to a United States magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Plaintiff initiated this case with a complaint on June 22, 2020.  Doc. 1.  Before screening, plaintiff filed a first amended complaint.  Doc. 10.  On March 15, 2021, the assigned magistrate judge issued an order for plaintiff to show cause why his action is not barred by the statute of limitations.  Doc. 14.  On April 12, 2021, plaintiff responded to the order to show cause, and on July 9, 2021, the magistrate judge issued an order stating that "[n]o further action will be taken on the order to show cause and the Court will proceed with screening [p]laintiff's amended complaint."  Doc. 20.

On July 19, 2021, the magistrate judge screened the first amended complaint, found it failed to state any claim, and granted plaintiff leave to amend.  Doc. 29.  Plaintiff filed the SAC

1  on August 4, 2023.  Doc. 30.  On December 1, 2023, the magistrate judge screened the SAC,
2  found that some claims in the SAC were sufficiently pleaded, and allowed plaintiff the choice to
3  either proceed only on the identified cognizable claims or to stand on all claims in the SAC and
4  have them reviewed by a district judge.  Doc. 31.  The screening order explicitly declined to rule
5  on the timeliness of the claims in the SAC at that time; rather, it noted that plaintiff may be
6  entitled to equitable tolling for his claims given his response to the order to show cause, but that,
7  "[i]f appropriate, [d]efendants may challenge those assertions at a later stage of these
8  proceedings."  *Id.* at 3 n.2.  Plaintiff decided to proceed on the claims the magistrate judge
9  identified as cognizable.  *See* Docs. 33, 35–40.
10      On July 30, 2024, defendants moved to dismiss all claims as barred by the applicable
11 statutes of limitations.  Doc. 74.  Defendants also filed a request for judicial notice of two state
12 court orders related to plaintiff's convictions and sentences, which are relevant for determining
13 whether certain tolling provisions apply to the statute of limitations.  Doc. 75.  On August 19,
14 2024, plaintiff opposed the motion to dismiss, Doc. 81, and defendants replied the same day, Doc.
15 83.  On November 18, 2024, the assigned magistrate judge issued findings and recommendations
16 recommending that defendants' motion to dismiss and request for judicial notice be granted and
17 that the SAC be dismissed as barred by the applicable statutes of limitations.  Doc. 87 ("F&R").
18 Plaintiff timely filed objections.  Doc. 88.
19      In accordance with the provisions of 28 U.S.C. § 636(b)(1), the Court has conducted a de
20 novo review of this case.  Having carefully reviewed the file, the Court concludes that the
21 findings and recommendations are supported by the record and proper analysis.  Plaintiff's
22 objections merely reiterate arguments already considered by the magistrate judge and do not
23 undermine the analysis or conclusions of the findings and recommendations.
24 ///
25 ///
26 ///
27 ///
28 ///

1  Accordingly,

2  1. The Court adopts the findings and recommendations issued on November 18, 2024,
3     Doc. 87, in full;
4  2. Defendants' motion to dismiss, Doc. 74, is granted;
5  3. Plaintiff's SAC is dismissed with prejudice; and
6  4. The Clerk of Court is directed to terminate all deadlines and close this case.

IT IS SO ORDERED.

Dated: July 9, 2025

_____
UNITED STATES DISTRICT JUDGE